AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| RYAN TAYLOR NICHOLS | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   RYAN TAYLOR NICHOLS                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☑ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

   18 U.S.C. §§ 1752 (a), 1752(b)(1)(A)  -  Conspiracy and Unlawful Entry with Dangerous Weapon
   40 U.S.C. §§ 5104(e)(2), 5104(e)(2)(D) and (G) - Violent Entry and Disorderly Conduct on Capitol Grounds
   18 U.S.C. § 231(a)(3)  -  Civil Disorder
   18 U.S.C. §§ 111 (a), 111(b)  -  Assault on a Federal Officer Using a Deadly or Dangerous Weapon
   18 U.S.C. § 2(a)  -  Aiding and Abetting

Date:    01/17/2021

City and state:    WASHINGTON, D.C.

2021.01.17
22:32:41 -05'00'

*Issuing officer's signature*

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* 01/17/2021 , and the person was arrested on *(date)* 01/18/2021 at *(city and state)* TYLER, TEXAS . |

Date: 1/18/2021

*Arresting officer's signature*

TFO GREGORY HARCY, FBI
*Printed name and title*

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| United States of America | ) | 6:21-MJ-00029-KNM |
| v. | ) | |
| RYAN TAYLOR NICHOLS | ) | Case No. |
| ▬▬▬▬▬▬ | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the

_____ District of _____Columbia_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1752(a),1752(b)(1)(A) | Conspiracy and Unlawful Entry with Dangerous Weapon; |
| 40 U.S.C. §§ 5104(e)(2), 5104(e)(2) (D) and (G) | Violent Entry and Disorderly Conduct on Capitol Grounds; |
| 18 U.S.C. § 231(a)(3) | Civil Disorder; |
| 18 U.S.C. §§ 111(a), 111(b) | Assault on a Federal Officer Using a Deadly or Dangerous Weapon; |
| 18 U.S.C. § 2(a) | Aiding and Abetting |

This criminal complaint is based on these facts:

See attached statement of facts.

☐ Continued on the attached sheet.

*Michael D Brown*

*Complainant's signature*

MICHAEL D. BROWN, Special Agent, FBI

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone (specify reliable electronic means).

Date: _____01/17/2021_____

2021.01.17 22:33:14
-05'00'

*Judge's signature*

City and state: _____WASHINGTON, D.C._____

Zia M. Faruqui, U.S. Magistrate Judge

*Printed name and title*

| | |
|---|---|
| DATE: | 1/19/2021 |
| LOCATION: | Tyler |
| JUDGE: | K. Nicole Mitchell |
| DEP.CLERK: | Lisa Hardwick |
| RPTR/ECRO: | Lisa Hardwick |
| USPO: | Nathan Manley |
| INTERPRETER: | ------------------------------- |
| START TIME: | 11:11 a.m. |
| END TIME: | 11:21 a.m. |

CASE NUMBER     6:21-MJ-00029-KNM

UNITED STATES OF AMERICA
V.
RYAN TAYLOR NICHOLS

| AUSA | DEFENSE COUNSEL |
|---|---|
| RYAN LOCKER | BUCK FILES |

## INITIAL APPEARANCE RULE 5c
### (via video conference)

| | | | |
|---|---|---|---|
| ☒ | Initial Appearance called | ☒ | Initial appearance held |
| ☒ | Dft appears with counsel | ☐ | Dft appears without counsel |
| ☒ | Date of Arrest: 1/18/21 | ☒ | Dft's first appearance with counsel |
| ☒ | Dft advised of charges | ☒ | Dft advised of right to counsel |
| ☒ | Dft advised of maximum penalties | ☒ | Dft advised of right to remain silent |
| ☒ | Dft retained counsel | ☐ | Court finds Dft eligible and appoints: |
| ☒ | Govt moved for Detention | ☒ | Gvt Oral Motion for Continuance of Detention Hearing |
| ☐ | Waiver of Detention and Preliminary Hearing in this district but reserves the right to reopen in the prosecuting district. | ☒ | Waiver of Rights and Consent to Proceed by Video Conference |
| ☒ | Order of Temporary Detention: Detention Hearing and Preliminary Hearing set for 1/22/21 at 1:30 p.m. | ☒ | Dft advised of Rule 20 Transfer |
| ☐ | Order of Detention | ☐ | Dft waived Hearing on Identity |
| ☒ | Dft remanded to the custody of the U.S. Marshals | ☐ | Order of Commitment signed |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

UNITED STATES OF AMERICA                    §
                                            §
                                            § CASE NUMBER 6:21-MJ-00029-KNM
v.                                          §
                                            §
RYAN TAYLOR NICHOLS                         §
                                            §
                                            §
                                            §

WAIVER OF RIGHTS AND CONSENT TO PROCEED
BY VIDEO CONFERENCE *for the initial appearance,*

     I, Ryan Taylor Nichols, the above-named defendant, along with his/her undersigned *only* attorney, hereby acknowledge the following and expressly consent to proceed by video conference.

(1) Defendant has received a copy of the charging instrument in this case.

(2)    Defendant understands he/she has the right to appear personally with his/her attorney before a federal judge in open court; and, that while he/she has the right to appear in person, he/she can waive that right and consent to a hearing by video conference.

(3)    Defendant affirmatively states he/she has no objection to proceeding by video conference.

(4)    Defendant, having conferred with his/her attorney, understands that by signing this form, he/she is knowingly and voluntarily waiving (giving up) any right to personal appearance and providing consent (agreeing) for this court proceeding to be conducted by video conference as provided for in Rules 5 and 10 of the Federal Rules of Criminal Procedure.

Date: 1-19-2021

_____
Defendant

_____
Defendant's Attorney

_____
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

**DATE:**   January 22, 2021

**JUDGE**                                            **Courtroom Deputy:** Lisa Hardwick
K. Nicole Mitchell

**Law Clerk:** Terri Good                            **Court Reporter:** Shea Sloan

| UNITED STATES OF AMERICA | CRIMINAL ACTION: 6:21-MJ-29-KNM |
|---|---|
| V. | |
| RYAN TAYLOR NICHOLS | DETENTION HEARING<br>PRELIMINARY EXAMINATION<br>IDENTITY HEARING |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 1:35 p.m.                    **ADJOURN:**   4:47 p.m.

| TIME: | MINUTES: |
|---|---|
| 1:35 p.m. | Case Called. Appearances made. Ryan Locker f/Government and F.R. "Buck" Files f/Defendant. |
| | Mr. Files stated his client will waive Identity Hearing. |
| 1:36 p.m. | Detention/Preliminary Hearing Held |
| | TFO Gregory Harry was called as a witness by the government, was sworn, and testified on Direct Examination. GE-1 (video file) offered and admitted without objection. GE-2 (video file) was offered and admitted without objection. GE-3 (picture) offered and admitted without objection. GE-4 (video file) offered and admitted without objection.  GE-5 (video file) offered and admitted without objection. The Court took judicial notice of the complaint/affidavit.  GE-6 (photo) offered and admitted without objection.  GE-7 (photo) offered and admitted without objection.  GE-8 (photo) offered and admitted without objection. |
| 3:08 p.m. | Court Recessed |
| 3:26 p.m. | Court Resumed |
| 3:27 p.m. | Cross-Examination of TFO Harry by Mr. Files. |
| 4:01 p.m. | Re-Direct Examination of TFO Harry by Mr. Locker. |

**DAVID A. O'TOOLE, CLERK**

**FILED: 1/22/2021**

BY: *Lisa Hardwick*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| | |
|---|---|
| 4:03 p.m. | Re-Cross Examination of TFO Harry by Mr. Files. |
| 4:05 p.m. | The witness was excused. |
| 4:05 p.m. | The government rested. |
| 4:05 p.m. | Bonnie Nichols was called as a witness by the defense, was sworn, and testified on Direct Examination. DE 1-4 were offered and admitted without objection.  DE-5 was offered and admitted without objection. |
| 4:25 p.m. | Cross-Examination of Mrs. Nichols by Mr. Locker. |
| 4:28 p.m. | Re-Direct Examination of Mrs. Nichols by Mr. Files. |
| 4:29 p.m. | The witness was excused. |
| 4:30 p.m. | Mr. Files proffered the testimony of the defendant. |
| 4:32 p.m. | The defense rests. |
| 4:32 p.m. | Mr. Locker presented argument. |
| 4:37 p.m. | Mr. Files presented argument. |
| 4:44 p.m. | Mr. Locker presented final argument. |
| 4:45 p.m. | The Court found probable cause.  The Court granted the government's motion for detention. |
| 4:47 p.m. | There being nothing further, court was adjourned. The defendant was remanded to the custody of the U.S. Marshals. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER   DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| V | § | CASE NO.  6:21-MJ-00028 |
| | | 6:21-MJ-00029 |
| RYAN TAYLOR NICHOLS | § | |
| ALEX KIRK HARKRIDER | § | |

## WITNESS LIST

| DATE 1/22/2021 | HEARING: Detention Hearing | Lisa Hardwick Courtroom Deputy | JUDGE K. Nicole Mitchell | PAGE 1 |
|---|---|---|---|---|

| Govt | Deft | Name of Witness | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|---|---|
| | | **Ryan Taylor Nichols Hearing** | | | | |
| X | | TFO Gregory Harry | X | X | X | X |
| | X | Bonnie Nichols | X | X | X | |
| ---- | ---- | ------------------------------------------------------ | ----- | ---- | ----- | ----- |
| | | **Alex Kirk Harkrider Hearing** | | | | |
| X | | TFO Gregory Harry | X | X | X | X |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V | § | CASE NO.  6:21-MJ-00028 |
| | | 6:21-MJ-00029 |
| RYAN TAYLOR NICHOLS (1) | | |
| ALEX KIRK HARKRIDER (2) | § | |

**EXHIBIT LIST**

| K. NICOLE MITCHELL<br>Presiding Judge | | | | | Ryan Locker<br>Government's Attorney | FR "Buck" Files f/Nichols<br>Greg Waldron f/Harkrider |
|---|---|---|---|---|---|---|
| Hearing Date: 1/22/2021 | | | | | Court Reporter: Shea Sloan | Courtroom Deputy: L. Hardwick |

| Gvt No. | Dft No. | Date Offered | Marked | Admitted | **NICHOLS** |
|---|---|---|---|---|---|
| 1 | | | | 1-22-21 | Video Clip |
| 2 | | | | 1-22-21 | Video Clip |
| 3 | | | | 1-22-21 | Photo image |
| 4 | | | | 1-22-21 | Video File |
| 5 | | | | 1-22-21 | Video File |
| 6 | | | | 1-22-21 | Photo image |
| 7 | | | | 1-22-21 | Photo image |
| 8 | | | | 1-22-21 | Photo image |
| | 1 | | | 1-22-21 | Photo image |
| | 2 | | | 1-22-21 | Photo image |
| | 3 | | | 1-22-21 | Photo image |
| | 4 | | | 1-22-21 | Photo image |
| | 5 | | | 1-22-21 | Copy of DD-214 |
| | | | | 1-22-21 | **HARKRIDER** |
| 9 | | | | 1-22-21 | Snap Chat post |
| 10 | | | | 1-22-21 | Video clip |

| | | | | | |
|---|---|---|---|---|---|
| 11 | | | | 1-22-21 | Tomahawk hatchet (photo copy) |
| 12 | | | | 1-22-21 | Photo image |
| 13 | | | | 1-22-21 | Photo image |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | **CASE NUMBER 6:21-MJ-00029-KNM** |
| v. | § | |
| | § | |
| | § | |
| RYAN TAYLOR NICHOLS, | § | |
| | § | |

### DETENTION ORDER PENDING TRIAL

#### Part I - Eligibility for Detention

Upon the

    ☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
    ☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the court held a detention hearing and found that detention is warranted.  This order sets forth the court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

#### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Detention Order Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☒ Weight of evidence against the defendant is strong
    ☐ Subject to lengthy period of incarceration if convicted
    ☐ Prior criminal history
    ☐ Participation in criminal activity while on probation, parole, or supervision
    ☒ History of violence or use of weapons
    ☒ History of alcohol or substance abuse
    ☐ Lack of stable employment
    ☐ Lack of stable residence
    ☐ Lack of financially responsible sureties
    ☐ Lack of significant community or family ties to this district
    ☐ Significant family or other ties outside the United States

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

    ☐ Lack of legal status in the United States
    ☐ Subject to removal or deportation after serving any period of incarceration
    ☐ Prior failure to appear in court as ordered
    ☐ Prior attempt(s) to evade law enforcement
    ☐ Use of alias(es) or false documents
    ☐ Background information unknown or unverified
    ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The government has shown by clear and convincing evidence that there are no conditions that would reasonably assure the safety of the community and has shown by a preponderance of the evidence that there is a serious risk that the defendant will flee or not appear in court when required.  The nature of the alleged offense and the weight of the evidence presented at the hearing favor detention.  I am particularly concerned about the evidence and testimony presented painting a picture not of a peaceful protest that got out of hand, but of a planned, predetermined attempt to attack the Capitol building.  The text messages lay out a plan to take weapons and to acquire body armor along the way.  The government presented evidence showing threats and antagonizing language towards the crowd.  The evidence shows that the defendant's intent was not to participate in a peaceful act.  I am also concerned about evidence presented concerning other hostile acts by the defendant in the past, as well as substance abuse.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:      January 22, 2021

                                Honorable K. Nicole Mitchell
                                United States Magistrate Judge

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  6:21-MJ-00029-KNM |
| | ) | |
| RYAN TAYLOR NICHOLS | ) | Charging District's |
| *Defendant* | ) | Case No.  6:21-MJ-00102 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of  Columbia_____ ,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

_____ .

The defendant:   ☑ will retain an attorney.

⬛ ☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:  ___1-22-2021_____

K. Nicole Mitchell

_____
*Judge's signature*

_____
K. Nicole Mitchell, U.S. Magistrate Judge
*Printed name and title*

# U.S. District Court
## Eastern District of TEXAS [LIVE] (Tyler)
## CRIMINAL DOCKET FOR CASE #: 6:21-mj-00029-KNM-1
### Internal Use Only

Case title: USA v. Nichols

Date Filed: 01/19/2021

Assigned to: Magistrate Judge K.
Nicole Mitchell

**Defendant (1)**

**Ryan Taylor Nichols**

represented by **F R Buck Files , Jr**
Bain Files Jarrett & Bain PC
109 W Ferguson
Tyler, TX 75702
903/595-3573
Fax: 9035977322
Email: bfiles@bain-files.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

Conspiracy and Unlawful Entry with
Dangerous Weapon; Violent Entry and
Disorderly Conduct on Capitol
Grounds; Civil Disorder; Assault on a
Federal Officer Using a Deadly or
Dangerous Weapon; Aiding and
Abetting

**Disposition**



A TRUE COPY I CERTIFY
DAVID A O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: *Lisa Hardwick*

**Plaintiff**

**USA**  represented by  **Dan Ryan Locker**
US Attorney's Office - Tyler
110 N College, Suite 700
Tyler, TX 75702
903-590-1400
Fax: 903-590-1439
Email: ryan.locker@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/18/2021 | | Arrest (Rule 5c) of Ryan Taylor Nichols (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 1 | Rule 5(c)(3) Documents Received as to Ryan Taylor Nichols received from District of Columbia. (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 2 | Minute Entry for proceedings held before Magistrate Judge K. Nicole Mitchell:Initial Appearance in Rule 5(c)(3) Proceedings as to Ryan Taylor Nichols held via video conference with Smith County Jail on 1/19/2021. Deft advised of rights. Deft retained counsel, appearance entered by F R Buck Files, Jr for on behalf of defendant. Govt moved for detention. Deft requested hearing on identity, detention, and preliminary examination. Hearings set for 1/22/21 at 1:30 p.m. Deft remanded to the custody of the U.S. Marshals. (Court Reporter L Hardwick/ECRO.) (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | 3 | WAIVER of Rights and Consent to Proceed by video conference by Ryan Taylor Nichols (leh, ) (Entered: 01/19/2021) |
| 01/19/2021 | | NOTICE OF HEARING as to Ryan Taylor Nichols. Detention Hearing and Preliminary Examination set for 1/22/2021 at 1:30 PM before Magistrate Judge K. Nicole Mitchell. Identity Hearing set for 1/22/2021 at 1:30 PM before Magistrate Judge K. Nicole Mitchell. (leh, ) (Entered: 01/19/2021) |
| 01/20/2021 | 4 | (SEALED) PRETRIAL SERVICES BOND REPORT as to Ryan Taylor Nichols (lsaucedo, ) (Entered: 01/20/2021) |
| 01/21/2021 | 5 | (SEALED) PRETRIAL SERVICES BOND REPORT ADDENDUM as to Ryan Taylor Nichols (nmanley, ) (Entered: 01/21/2021) |
| 01/22/2021 | 6 | Minute Entry for proceedings held before Magistrate Judge K. Nicole Mitchell:Identity, Detention Hearing and Preliminary Hearing as to Ryan Taylor Nichols held on 1/22/2021. Court Reporter Shea Sloan.) (leh, ) (Entered: 01/25/2021) |
| 01/22/2021 | 7 | WITNESS LIST as to Ryan Taylor Nichols (leh, ) (Entered: 01/25/2021) |

| 01/22/2021 | 8 | EXHIBIT LIST as to Ryan Taylor Nichols (leh, ) (Entered: 01/25/2021) |
| 01/25/2021 | 9 | ORDER OF DETENTION PENDING TRIAL as to Ryan Taylor Nichols. Signed by Magistrate Judge K. Nicole Mitchell on 1/22/21. (leh, ) (Entered: 01/25/2021) |
| 01/25/2021 | 10 | COMMITMENT TO ANOTHER DISTRICT as to Ryan Taylor Nichols. Defendant committed to District of Columbia. Signed by Magistrate Judge K. Nicole Mitchell on 1/22/21. (leh, ) (Entered: 01/25/2021) |
| 01/26/2021 | 11 | PAPER TRANSCRIPT REQUEST by Longview News-Journal as to Ryan Taylor Nichols for proceedings held on 01/22/2021 Detention Hearing before Judge K Nicole Mitchell. (mll, ) (Forwarded to Official Court Reporter Shea Sloan on 1/26/21). (hma) (Entered: 01/26/2021) |
| 01/26/2021 | 12 | Digital Audio Recording Request by Longview News-Journal as to Ryan Taylor Nichols for proceedings held on 01/22/2021 Detention Hearing before Judge K Nicole Mitchell. (mll, ) (No digital audio available as a court reporter was present during the proceedings). (hma) (Entered: 01/26/2021) |
| 01/27/2021 | 13 | E-GOV SEALED Arrest Warrant Returned Executed on 1/18/21 in case as to Ryan Taylor Nichols. (leh, ) (Entered: 01/27/2021) |