UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 21-cr-117-1 (TFH) |
| | : | |
| **RYAN NICHOLS,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO PRESS COALITION APPLICATION

Pursuant to the Court's minute order of December 1, 2021, the government respectfully submits this response to the Press Coalition's November 30, 2021, Application for Access to Video Exhibits (ECF 62).

The Press Coalition's application concerns defendant Ryan Nichols's bond motion (ECF 55). *See* ECF 62. The application refers to the defendant's submission of video exhibits to that motion for the Court's consideration and notes that the defendant identified certain exhibits as "sensitive." *Id.* at 2 n.1. As the government noted in its opposition to defendant's bond motion: "As a general matter, the defendant's references to exhibit numbers in his filing do not align with their numbering on ECF. Furthermore, where the defendant refers to video exhibits, those files have not been provided to the government, although the government believes it has identified the cited videos in its holdings." ECF 61 at 2 n.1. The videos cited by the defendant (and subject to the application) appear to be ones that the government produced to the defendant in discovery.

Subject to confirmation that the exhibits cited by the defendant in his bond motion (and thereafter referenced in the Press Coalition application) are in fact the videos the government has identified in its holdings and are in fact submitted to the Court in support of defendant's motion, the government does not object to the Press Coalition's application for access. Indeed, certain of

the referenced videos appear to be identical to ones submitted by the government in support of its opposition to the defendant's motion. *See* ECF 61.[1]

So that there is no confusion as to which exhibits are at issue—both with respect to defendant's bond motion and the related Press Coalition application—the government respectfully requests that the Court delay ruling on the Press Coalition's application at least until the defendant's exhibits are filed with the Court and part of the judicial record. The government can then confirm its lack of objection to the Press Coalition's application.

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney
          DC Bar No. 481052

          */s/ Luke M. Jones*
          LUKE M. JONES
          VA Bar No. 75053
          Assistant U.S. Attorney
          555 4th Street, N.W.
          Washington, D.C. 20530
          (202) 252-7066
          Luke.Jones@usdoj.gov

          */s/ Danielle Rosborough*
          Danielle Rosborough
          D.C. Bar No. 1016234
          Trial Attorney, National Security Division
          United States Department of Justice
          950 Pennsylvania Avenue, NW
          Washington, D.C. 20530
          202-514-0073
          Danielle.Rosborough@usdoj.gov

---

[1] The government notes that, although the defendant's bond motion identified certain videos as "sensitive," many of those videos were produced without such designation. Furthermore, although the protective order in this case requires that that "[t]he parties shall make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention," no such effort occurred prior to the defendant's filing of the bond motion.