UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | No. 21-cr-117 (TFH) |
| : | |
| **RYAN NICHOLS,** : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR TO REMOVE SENSITIVITY DESIGNATIONS

The United States respectfully submits this response to the defendant's motion to remove sensitivity designations from certain videos pursuant to the protective order (ECF 63). The motion concerns eight videos—seven of which the defendant identified as exhibits to his recent bond motion (ECF 55).

The protective order in this case requires the parties to "make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention." (ECF 26). The defendant made no such effort prior to filing the instant motion. As the government recently indicated in its response (ECF 65) to the Press Coalition application for access to the seven video exhibits identified in defendant's bond motion (and identified by the defendant as "sensitive" or "highly sensitive"), the government does not object to the public release of those exhibits. Indeed, several of those videos were produced in discovery without any sensitivity designation. The eighth video subject to the instant motion (titled "That's One Big Flag") was also produced without any sensitivity designation. Had the defendant complied with the protective order and conferred with the government, the government could have clarified the defendant's apparent misunderstanding regarding sensitivity designations and confirmed, as it now has, that it has no objection to the public release of all eight videos.

Instead of complying with the Court's protective order, the defendant filed nearly twenty pages of argument that appears simply a continuation of his 45-page bond motion. Like the bond motion, the instant filing is littered with unsupported and irrelevant allegations that this Court should reject.

For example, the defendant (at 3-4) mischaracterizes a portion of CCTV footage beginning shortly after 4:00 p.m., which, according to the defendant, "shows multiple occurrences of police brutality including a vicious beating by [an MPD] officer of an unarmed civilian woman." The defendant makes this allegation apparently in support of a claim that he was defending himself and others during the riot. But even the defendant must admit that these alleged events occurred well after the charged conduct—that is, the defendant's interference with and assault on law enforcement, including by twice deploying OC spray at officers defending the U.S. Capitol—and thus cannot possibly excuse it. Indeed, as the government noted in its opposition to the bond motion, the defendant was not even in a position from which he could observe the alleged events. *See* ECF 61 at 13 n.5.

The bulk of the defendant's filing is devoted to his assertion that there were "government agent provocateurs whose identity the government does not want revealed" and who were "sent to the Capitol to urge non-violent protestors to become violent." ECF 63 at 7. The defendant purports (at 9) to make an "offer of proof" to support this assertion, but that proof appears simply to be the fact that certain individuals identified by the defendant as having participated in the riot have not been arrested. These claims are baseless, and it appears the defendant and his counsel either know they are or do not care. *See* https://www.huffpost.com/entry/tucker-carlson-capitol-attack-jan-6-rally-runner_n_61afb97de4b01fcf12b89bd9 (describing comments by defense counsel regarding the individual he identified in the instant filing as "RF45" (*see* ECF 61 at 9-10)). In any event, the

claims are entirely unsupported.

To be sure, the defendant is entitled to zealous representation. As to baseless allegations like those presented in this and other filings by the defendant, however, the Court should reject them. Indeed, they have no bearing on the relief sought here, defendant's bond motion, or the merits of this case.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

/s/ Luke M. Jones
LUKE M. JONES
VA Bar No. 75053
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7066
Luke.Jones@usdoj.gov

/s/ Danielle Rosborough
Danielle Rosborough
D.C. Bar No. 1016234
Trial Attorney, National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
202-514-0073
Danielle.Rosborough@usdoj.gov