IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-117 (TFH) |
| RYAN TAYLOR NICHOLS (01) | |

**MOTION *IN LIMINE* TO PRECLUDE CLAIM OF SELF-DEFENSE**

The government respectfully moves *in limine* to preclude defendant Ryan Nichols from raising a claim of self-defense. The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant was the initial aggressor. In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

Defendant Nichols opposes this motion.

### INTRODUCTION

Count Three of the superseding indictment charges defendant Nichols with assaulting, resisting, or impeding a federal officer using a dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). ECF 59.

To meet its burden of proof at trial on Count Three, the government will seek to admit evidence showing, among other things, that the defendant, outfitted with tactical gear, a carrier with a ballistic plate, a crowbar, a walkie-talkie, and steel-toed boots, made his way to the Capitol building, unleashing an expletive-laden tirade threatening violence

against anyone who stood in his way.  The evidence will show that, once on the Capitol grounds, Nichols made his way to the inauguration stage which was in the process of being constructed on the Capitol's lower west terrace and where law enforcement battled to protect an entrance to the building referred to as "the tunnel."  Nichols joined the assembled mob there and heaved against the line of officers until the officers finally managed to push the rioters, including Nichols, out of tunnel.  By approximately 3:20 p.m., uniformed law enforcement officers established a clearly visible police line at the entrance to the tunnel.  The evidence will show Nichols facing the front of the tunnel, standing directly in the center, staring, yelling, and pointing at the officers for several minutes and Nichols waiving other rioters forward toward the police line.  Moments later, and as is captured on multiple videos, Nichols signals to another rioter to pass him an OC (or pepper spray) canister, which he takes and sprays over the riot shields and onto the officers.[1]

## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties.  18 U.S.C. § 111(a)(1).  A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in

---

[1] The Court is already familiar with this evidence, which was submitted in opposition to Nichols' motion for release pending trial.  *See* ECF 61.

**Motion *in Limine* Regarding to Preclude Claim of Self-Defense—Page 2**

immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted). That principle applies fully to Section 111 prosecutions. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that the defendant was the initial aggressor in this case. At no point before the assault did any law enforcement officer apply force to the defendant. It was the defendant who initiated a violent physical attack by spraying OC into the line of officers. He therefore cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the video do not bear on the elements of self-defense. Defendant may have objected to law enforcement's presence at the U.S. Capitol, their effort to detain other individuals at the scene, or their directives that he move from his position and leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting words" does not provide license to

"stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because the defendant "was the attacker" in this case, ibid., he cannot advance a self-defense theory.

## CONCLUSION

For these reasons, the government moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  214-659-8604
douglas.brasher@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Joseph McBride, counsel for Ryan Nichols, by telephone on July 18, 2022, and he stated that he was opposed to this motion.

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER