IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-117 (TFH) |
| RYAN TAYLOR NICHOLS (01)<br>ALEX KIRK HARKRIDER  (02) | |

## MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE

Defendants Ryan Nichols and Alex Harkrider have worked and/or volunteered together in various storm recovery and search and rescue efforts ("storm recovery work"), and both defendants are former United States Marines.  The government anticipates that the defendants will attempt to introduce testimony and documentary evidence such as accolades, awards, medals, commendations, certificates, and letters, related to their service in the Marines and their storm recovery work.

Indeed, the defendants have already introduced such records and testimony in connection with their detention proceedings in this case.  *See, e.g.*, ECF Nos. 16, 23, 44, 55, 57, 68.  The Court should preclude the defendants from offering evidence of specific instances of their prior good conduct, including that derived from their careers in the military and their storm recovery work, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

The defendants oppose this motion.

**Motion to Exclude Improper Character Evidence—Page 1**

I. **The Limited Admissibility of Character Evidence**

Rule 404(a) of the Federal Rules of Evidence prohibits either party from offering evidence of character to prove that a person acted in conformity therewith on any particular occasion. The rule applies to prior good acts as well as prior bad acts of a defendant in a criminal case. As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014). In other words, "evidence of good conduct is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (internal citation omitted).

The Rule contains three exceptions, one of which governs the admissibility of evidence of a defendant's character. Fed. R. Evid. 404(a)(2)(A). Such evidence is admissible only if it relates to a "pertinent" or relevant character trait. *Id*. Consistent with Rule 405, "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct," Fed. R. Evid. 405(b), but this exception does not apply in this case, as no charges against Nichols or Harkrider include such an element.

This Court has authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, as well as any and all references by parties, attorneys, and witnesses to the inadmissible evidence. *Luce v. United States*, 469 U.S. 38 (1984).

## II. The Court Should Preclude the Introduction of Character Evidence Relating to the Defendants' Military and Volunteer Services.

This Court should exclude character evidence if offered by the defendants to prove their general good character, including that derived from their public service—such as attention to duty, commitment to public service, professionalism, or dedication. Such evidence is not admissible because it is not pertinent to an essential element of the charges pending against them. *See, e.g.*, *United States v. Maynard*, No. 2:21-CR-00065, 2021 WL 5161737, at *3 (S.D.W. Va. Nov. 2, 2021) (excluding, without defense objection, "evidence of military commendations" and "specific acts of helpfulness or kindness"); *French v. United States*, 232 F.2d 736, 741 (5th Cir. 1956) ("[I]t was not permissible to show good character by evidence of particular and specific facts, such as battle citations and the awarding of the Purple Heart."); *see also United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking was neither pertinent to, nor an essential element of, bribery, conspiracy, or drug and firearms charges with which he was charged).

Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses. *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003).

However, even if evidence of the defendant's prior good acts was indicative of a general law-abidingness, the form of that evidence would be governed by Rule 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Proof of specific instances of conduct is not permitted under the Rule, unless the trait or character of a person is an essential element of the charge, claim, or defense—which, in this case, it is not. *See Washington*, 106 F.3d at 999. Indeed, there is no character trait derived from the defendants' military or storm recovery work that is an essential element of a charge, claim, or defense in this case. None of the elements of the offenses with which the defendants have been charged relate to their previous careers in the military, their storm recovery work, or to character traits aligned with those activities. Moreover, any such specific acts from their service in the Marines (which concluded in approximately 2015) is not sufficiently related or proximate in time to the crime charged to be relevant under Rule 403. *See United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987) ("Evidence of prior acts, whether offered under Rule 404(b) or 405(b) by the prosecution or by the defense, must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403."). Finally, any such evidence from their military records, including, for example, letters of commendation, would be hearsay. *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming the district court's refusal to admit evidence of the defendant's awards and commendations from his military service and police service because "the traits they purport to show— bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the crimes of which [the defendant] stood accused" and because "the evidence, as presented

**Motion to Exclude Improper Character Evidence—Page 4**

below, seems to us classic hearsay, and inadmissible for that reason as well"). Thus, evidence of the defendants' specific good acts are inadmissible.

## CONCLUSION

For the foregoing reasons, this Court should preclude the defendants form offering character evidence in the form of specific acts, or general reputation or opinion evidence beyond the scope of general law-abidingness, including that relating to their military service and storm recovery work.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  214-659-8604
douglas.brasher@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Joseph McBride, counsel for Ryan Nichols, by telephone on July 18, 2022, and Kira West, counsel for Alex Harkrider by email on July 18, 2022, and both indicated that they were opposed to this motion.

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER