IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN TAYLOR NICHOLS (01)<br>ALEX KIRK HARKRIDER  (02) | No. 1:21-cr-117 (TFH) |

### MOTION *IN LIMINE* TO PRECLUDE ARGUMENTS AND EVIDENCE ABOUT ALLEGED LAW ENFORCEMENT INACTION

The government respectfully requests that the Court issue an order precluding defendants Ryan Nichols and Alex Harkrider from any of the following: (1) arguing any entrapment by estoppel defense related to law enforcement; (2) offering evidence or argument concerning any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; or (3) arguing or presenting evidence of alleged inaction by law enforcement unless the defendants specifically observed or were otherwise aware of such conduct.

The defendants oppose this motion.

**I.   This Court Should Preclude the Defendants from Arguing Entrapment by Estoppel**

The defendants should be prohibited from making arguments or attempting to introduce evidence that law enforcement gave permission to the defendants to enter the U.S. Capitol.  "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him

**Motion *in Limine* to Preclude Arguments and
Evidence about Alleged Law Enforcement Inaction—Page 1**

about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (*quoting United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, another judge of this Court rejected an entrapment by estoppel argument raised by a January 6th defendant charged with, inter alia, violations of 18 U.S.C. §§ 1512(c)(2), 1752(a)(1) and (b)(1)(A) and 1752(a)(2) and (b)(1)(A). Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendants to enter the Capitol building. As reasoned in *Chrestman*, "*Cox* unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute 'a waiver of law' beyond his or her lawful authority." *Chrestman*, 525 F. Supp. 3d at 32 (quoting *Cox v. Louisiana*, 379 U.S. 559, 569 (1965)).

Just as "no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters," no member of law enforcement could use his authority to allow individuals to enter the Capitol building during a violent riot, and after "obvious police barricades, police lines, and police orders restricting entry at the Capitol" had already been put in place by the United States Capitol

Police and the Secret Service. *Id*. at 32. Indeed, just last month, a judge of this Court ruled in another January 6, 2021, case that "the logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

Even if the defendants could establish that a member of law enforcement told them that it was lawful to enter the Capitol building or allowed them to do so, the defendants' reliance on any such statement would not be reasonable in light of the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. Moreover, the defendants' actions belie any argument that they actually relied on any such statement by law enforcement when they made a decision to unlawfully enter the Capitol building through a broken window. For example, as previously noted by this Court:

> On the night of January 5, Mr. Nichols recorded himself in a confrontation with Metropolitan police, warning them that "[C]ops don't know what's going on. Too many of us, not enough of them[.]" […] A plethora of security camera and amateur video taken on Capitol grounds then shows a man identified as Nichols pushing to the front a mob that was "heaving" against officers who were defending an entrance to the Capitol near the lower west terrace known as "the tunnel." Later, Mr. Nichols is shown motioning for, taking possession of, and spraying that line of police officers with what appears to be a chemical spray. Mr. Nichols is also shown in photos and videos entering the Capitol via a broken window, taking a bullhorn and telling the crowd to get inside the building and get their weapons while waving a crowbar, and barricading the door of a conference room that he believed to be Nancy

**Motion *in Limine* to Preclude Arguments and
Evidence about Alleged Law Enforcement Inaction—Page 3**

> Pelosi's. The night of January 6, Mr. Nichols recorded a ten-minute video on his Facebook, declaring that he had "clashed" with the police, that "Pence did the wrong thing…[s]o we stormed the Capitol building," that "Ryan Nichols stands for violence!," that he would be the "leader" of the "second American revolution," and that he "plan[s] on making other people die first, for their country, if it gets down to that."

Memorandum Opinion & Order denying Nichols' motion for release pending trial, ECF 75 at 2-4 (citations to government exhibits omitted).

Accordingly, defendants should be prohibited from arguing that their conduct was lawful because law enforcement allegedly told them it was.

## II. This Court Should Preclude the Defendants from Arguing that Alleged Inaction by Law Enforcement Officers Made Their Conduct on January 6, 2021, Legal

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendants that entering the Capitol building or grounds was lawful, the Court should also bar the defendants from arguing that any failure to act by law enforcement rendered their conduct legal. The same reasoning that applied in *Chrestman* again applies here. That is, like the Chief Executive, a Metropolitan Police Officer or Capitol Police Officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525 F. Supp. 3d at 33. An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it. Indeed, another judge of this District expressly reached that conclusion in *Williams* last month. *Williams*, No. 21-cr-377-BAH, at *3 ("Settled caselaw makes clear that law officer inaction—whatever the

reason for the inaction—cannot sanction unlawful conduct."). This Court should apply the same principle in this case. Accordingly, defendants should be prohibited from arguing that their conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

### III. This Court Should Preclude the Defendants from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendants Specifically Observed or Were Otherwise Aware of Such Conduct

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendants' states of mind on January 6, 2021. However, unless the defendants show that, at the relevant time, they specifically observed or were otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to the defendants' intent. Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, if the defendants were not aware of law enforcement's alleged inaction at the time of their entry onto restricted grounds or into the Capitol building (or at the time he committed the other offenses charged in the Information), any alleged inaction would have no bearing on the defendants' state of mind and therefore would not meet the threshold for relevance. Again, another judge of this district adopted the same reasoning in granting an analogous motion *in limine* last month. *See Williams*, No. 21-cr-377-BAH, at *3-4. The Court should reach the same conclusion in this case and should exclude testimony and evidence of any alleged inaction by the police as irrelevant, except to the extent the defendants show that they

**Motion *in Limine* to Preclude Arguments and
Evidence about Alleged Law Enforcement Inaction—Page 5**

specifically observed or were aware of the alleged inaction by the police when they committed the offenses charged in the superseding indictment.

## CONCLUSION

For the reasons set forth herein, the government respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendants' actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendants specifically observed or were otherwise aware of such conduct at the relevant time.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  214-659-8604
douglas.brasher@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that I conferred with Joseph McBride, counsel for Ryan Nichols, by telephone on July 18, 2022, and Kira West, counsel for Alex Harkrider by email on July 18, 2022, and both indicated that they were opposed to this motion.

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER