**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**RYAN TAYLOR NICHOLS,**<br><br>*Defendant*. | Case No. 21-cr-00117 (TFH) |

## DEFENDANT RYAN TAYLOR NICHOLS
## MOTION FOR A CONTINUANCE AND AN EXTENSION OF TIME TO FILE PRETRIAL MOTIONS

Pursuant to Rule 45(b)(1)(b) of the Federal Rules of Criminal Procedure, Ryan Taylor Nichols, through his attorney, Joseph D. McBride, Esq., respectfully requests that this Honorable Court modify the SECOND PRE-TRIAL ORDER. (ECF. No. 86) Specifically, Mr. Nichols asks this Court to extend the due dates for the PRETRIAL MOTIONS.

Undersigned counsel contracted COVID 19 in May of 2022 and has not yet fully recovered. Lingering and disruptive symptoms prompted undersigned counsel to pursue specialized testing that discovered latent Lyme Disease antibodies. Undersigned counsel's physicians informed him that this combination of conditions is the culprit underlying his inability to recover.

On July 7, 2022, undersigned counsel was evaluated by another doctor, who informed him that he has Chronic Lyme Disease. Undersigned counsel has been informed by his physicians that he needs to take an aggressive course of action to eradicate and neutralize this condition. Undersigned counsel began treatment to combat his illness on Thursday, July 7, 2022. Undersigned counsel has been informed that his condition is lifelong but that he will be able to resume life as close to normal as possible after treatment.

Treatment and recovery are expected to take somewhere between one to two months. Coordinating management of care between undersigned counsel's residences in New York City and Washington, DC, a pharmaceutical regimen with poorly tolerated drugs, medical treatment, stress management, significant lifestyle changes, visits to various specialists located far from undersigned counsel's residence, and the need for rest, are a few of the things essential to the treatment and recovery process.

Undersigned counsel has spoken with co-counsel Kira Ann West and AUSA Douglas Brasher regarding his extension request. Neither party has any objection. While undersigned counsel is expected to recover, he does not have an exact timetable regarding recovery. Nor does he have a clear view of his capacity to work during that time.

In that vein, he has also spoken with co-counsel Kira Ann West and AUSA Douglas Brasher about the foreseeable need for a continuance in this case. Ms. West has no objection to a continuance, while the Government objects to the request. Undersigned counsel has also discussed this situation with his client, Mr. Nichols, who has no objection to any request for an extension or continuance related to the medical reasons in this writing.

Undersigned counsel recognizes that his requests impose an imposition on the Government and the Court. Still, the effects he has been experiencing have taken him by surprise and frankly leave him no other option than to make this Motion and alert this Honorable Court to the situation.

Thus, having demonstrated good cause and obtained consent for an extension, Mr. Nichols respectfully asks this Court to extend the due dates for PRETRIAL MOTIONS by sixty (60) days[1] and for leave to discuss the possibility of a continuance during July 21, 2022, Status Conference.

---

[1] On July 18, 2022, undersigned counsel was granted a 60-day extension for pre-trial motions and a continuance from September 6, 2022, to December 12, 2022, in the matter of the United States v. Richard Barnett, Case No. 21-cr-0038 ECF. No. 63, for the same reasons stated in this motion.

Dated: Washington, DC
July 18, 2022

                                             Respectfully submitted,

                                             /s/ *Joseph D. McBride, Esq.*
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com
*Counsel for Petitioner*