UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-117 (TFH) |
| | ) | |
| RYAN NICHOLS | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO SUPPRESS VIDEO EVIDENCE

Comes now Defendant RYAN NICHOLS, represented by undersigned counsel, who incorporates by reference and adopts the facts and arguments made in his MOTION TO JOIN, ADOPT, AND SUPPLEMENT CO-DEFENDANT'S MOTION TO TRANSFER VENUE.

Here, Mr. Nichols argues that video footage of him published by the January 6th Committee to the world, on June 13, 2022, should be suppressed as a matter of law because the Fifth Amendment of the United States Constitution prohibits the prosecution from using compelled testimony in its case-in-chief.

The Government may compel witnesses to testify at trial or before a grand jury, on pain of contempt, without violating the Fifth Amendment, so long as the witness is not a target in a criminal case in which he testifies. However, an evidentiary privilege exists that protects witnesses from being forced to give incriminating testimony, even in noncriminal cases, unless that testimony has been immunized from use and derivative use in a future criminal proceeding before it is compelled. See *Chaves v. Martinez*, 538 U.S. 760 (2003), citing *Kastigar v. United States*, 406, U.S, at 453, (1972); *Maness v. Meyers*, 419 U.S. 449, 461–462, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975) (noting that the Fifth Amendment privilege may be asserted if one is "compelled to produce

evidence which later may be used against him as an accused in a criminal action" (emphasis added)).

Mr. Nichols has been in federal custody pursuant to the above referenced indictment since January 18, 2021.  The video of Mr. Nichols that was published by the January 6th Committee on June 13, 2022, was used by the United States Government as an exhibit in Nichols's December 20, 2021, hearing.  That video, and the statements contained therein, are material to the Government's prosecution of this case and are clearly testimonial.  Regarding the strength and importance of the video, the Government made the following statement at the March 24, 2022, Status Hearing:

> We're prepared to go forward on the current schedule… and as to the facts of the case, the detention hearing itself, you know, that was, essentially the Government's case, not to – not revealing any secrets as to what -- what this trial is going to look like.  You know, most of the evidence is—if not all the evidence —is—on video; much of it coming from the devices of the defendant, particularly Mr. Nichols.
>
> (*See* ECF No. 114 transcript at 8:1-9)

The Government has essentially compelled Mr. Nichols to testify before Congress knowing full well that he is a defendant in a criminal case 1:21-CR-117 (TFH), and in doing so—illegally caused Mr. Nichols to be an incriminating witness against himself absent the opportunity to invoke his Fifth Amendment rights. Neither was Mr. Nichols ever offered immunity from use and derivate uses in his criminal proceeding before his testimony was compelled.

Mr. Nichols submits that his core constitutional right to be protected by the Self–Incrimination Clause has clearly been violated.  As well as the fact that he never had the opportunity to assert his privilege against self-incrimination. As such, he moves to suppress and

exclude the aforementioned video from trial under Miranda's exclusionary rule.  See *Oregon v. Elstad*, 470 U.S 298 (1985); *Miranda v. Arizona*, 384 U.S. 436 (1966).[1]

---

[1] It is well established that the government may compel witnesses to testify at trial or before a grand jury, on pain of contempt, so long as the witness is not the target of the criminal case in which he testifies. See *Minnesota v. Murphy*, 465 U.S. 420, 427, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984); *Kastigar v. United States*, 406 U.S. 441, 443, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Even for persons who have a legitimate fear that their statements may subject them to criminal prosecution, we have long permitted the compulsion of incriminating testimony so long as those statements (or evidence derived from those statements) cannot be used against the speaker in any criminal case. See *Brown v. Walker*, 161 U.S. 591, 602–604, 16 S.Ct. 644, 40 L.Ed. 819 (1896); *Kastigar*, supra, at 458, 92 S.Ct. 1653; *United States v. Balsys*, 524 U.S. 666, 671–672, 118 S.Ct. 2218, 141 L.Ed.2d 575 (1998); 2002 *Lefkowitz v. Cunningham*, 431 U.S. 801, 806, 97 S.Ct. 2132, 53 L.Ed.2d 1 (1977) ("Public employees may constitutionally be discharged for refusing to answer potentially incriminating questions concerning their official duties if they have not been required to surrender their constitutional immunity" against later use of statements in criminal proceedings). By contrast, no "penalty" may ever be imposed on  someone who exercises his core Fifth Amendment right not to be a "witness" against himself in a "criminal case." See *Griffin v. California*, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (the trial court's and the prosecutor's comments on the defendant's failure to testify violates the Self–Incrimination Clause of the Fifth Amendment). Our holdings in these cases demonstrate that, contrary to the Ninth Circuit's view, mere coercion does not violate the text of the Self–Incrimination Clause absent use of the compelled statements in a criminal case against the witness.

Dated August 11, 2022                    Respectfully submitted,

/s/ *Joseph D. McBride, Esq.*
Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of August 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Joseph D. McBride, Esq.*
Joseph D. McBride, Esq.