UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 1:21-CR-117 (TFH) |
| ) | |
| RYAN NICHOLS ) | |
| ) | |
| Defendant.   ) | |

### MOTION TO JOIN AND ADOPT CO-DEFENDANT'S ECF NO. 94 MOTION

Comes now Defendant Ryan Nichols, by counsel, and moves the Court for leave to Adopt, Supplement, and Join Co-Defendant Alex Harkrider's Motion to Dismiss at ECF No. 94, where for Mr. Nichols the charges to dismiss are Counts 5 and 7 of the indictment.

### SUPPLEMENTATION

Counts five and seven of the indictment for 18 USC §1752 (a)(1) and (2) respectively require that Mr. Nichols conduct was knowing in entering a restricted area without lawful authority. The Government cannot show Mr. Nichols knowingly went where he did not think he could be because when he entered the grounds, any remnant signage that merely said "area closed" was removed. The Government has provided no discovery showing Mr. Nichols entered a restricted area with any notice that the area was restricted. The Capitol grounds are usually open to the public. The closure of the visitor center due to COVID-19 is not something visitors from outside D.C. would know. As to the public being in the building, millions of Americans watched on television as a man walked through the January 6, 2017 Electoral Count - where no charges of entering a restricted area or of obstructing Congress were levied. Millions of Americans watched on television as at regular intervals, and apparently planned, many people disrupted the Justice Kavanaugh confirmation hearings without any subsequent Section 1752 or Section 1512 charges.

1

"Generally, a legislature need do nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982). The designation of a temporary "Restricted Area" at the U.S. Capitol for the Electoral Vote Count is not in law. The USCP's drawing of a line around the grounds on its own electronic map is not public notice of law or of a restricted area. The Government has no evidence that Mr. Nichols saw any remnants of barriers or signage when he entered.

On the morning of January 6, 2021 local pedestrians and bicyclists moved bike racks and used the Capitol grounds, as noted by USCP. No sign said the area was "restricted" and instead early in the day there were short pickets with string running across the pickets and small posterboard with the words "area closed" - as if the section had been chemically treated or otherwise. Two permits were approved for entry onto the grounds in the afternoon on January 6, 2021 (under protective order in discovery).

Regardless of Mr. Nichol's manner of entering through a window that was already opened by others, he saw many people already inside with nobody opposing their walk through the area visible to him when he briefly entered. No police tried to stop Mr. Nichols entry onto the grounds or at the window. The Government has provided no facts showing Mr. Nichols at either point of entry knew he could not lawfully be there. The Government must show that Mr. Nichols knowingly and with the intent to impede Government business was on the grounds or in the building. Again, the Government has provided no facts to show Mr. Nichols knew he could not be where he was, and that in addition he had the intent of impeding a government function. The Government relies upon the actions of others to manipulate the narrative and create an illusion of required intent. The actions of others cannot be transformed into intent that Mr. Nichols did not have.

Dated August 11, 2022                    Respectfully submitted,

                                         */s/ Joseph D. McBride, Esq.*
                                         Joseph D. McBride, Esq.
                                         Bar ID: NY0403
                                         THE MCBRIDE LAW FIRM, PLLC
                                         99 Park Avenue, 6th Floor
                                         New York, NY 10016
                                         p: (917) 757-9537
                                         e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of August 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Joseph D. McBride, Esq.*
Joseph D. McBride, Esq.