UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:21-CR-117 (TFH) |
| ) | |
| RYAN NICHOLS ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE USE OF CERTAIN LANGUAGE, TERMS AND FALSE ASSOCIATIONS**

Comes now Defendant, Ryan Nichols, by and through his undersigned attorney, and respectfully files this motion in limine to preclude the Government's use of, or elicitation through its witnesses and visual evidence, of falsehoods, crimes not charged, and other inflammatory terms and allegations that are not inherent in the crimes charged, and are instead highly prejudicial, inflammatory, and with no probative value while only creating jury confusion. Mr. Nichols requests that the Court order exclusion of "terrorism," "terrorist," "insurrection," "insurrectionist," "mob," "rioter," "treason," "traitor," "sedition," "conspiracy," "attack on the Capitol," "attack on democracy," "attack on Congress," "white supremacy/supremacists," "police were killed," and other inflammatory language about others on the grounds such as 'Proud Boys and "Oath Keepers," as well as references to places on the grounds or in the Capitol where he did not go. Mr. Nichols states the following in support:

**I.     Introduction**. There is no possible dispute that the legacy media and social media are inundated with references to all January 6th defendants as "insurrectionists," "terrorists," a "mob," "rioters," "conspirators," "traitors," and people who "stormed" the U.S. Capitol to "execute a coup" and "end democracy." The January 6th Select Committee includes the "attack on the U.S. Capitol"

in its title and has been running one-sided show trials on television - produced no less than by a TV producer hired for this purpose, where all the aforementioned terms have been used. The DOJ has regularly used inflammatory terms in court for crimes that defendants have not been charged with, and actions the defendants were not engaged in.

## II.     LEGAL STANDARD

Motions in limine are designed to narrow the evidentiary issues at trial. *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). Such motions are an important mechanism of insulating the jury from inadmissible evidence and of adhering to the goal of conducting proceedings "fairly . . . to the end of ascertaining the truth and securing a just determination." *United States v. Bikundi*, No. 14-CR-030 (BAH), 2015 WL 5915481, at *3 (D.D.C. Oct. 7, 2015) (citing Fed. R. Evid. 102 and *Banks v. Vilsack*, 958 F. Supp. 2d 78, 82 (D.D.C. 2013)). Rulings on motions in limine in advance of the trial permit counsel to make the necessary strategic determinations. See *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980); *Burns v. Levy*, Civ. No. 13-898, 2019 WL 6465142, at *3 (D.D.C. 2019).

Irrelevant evidence is not admissible. FRE 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would without the evidence; and the fact is of consequence in determining the action." FRE 401. Evidence is therefore relevant only if it logically relates to matters that are at issue in the case. E.g., *United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016); see *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

The Federal Rules of Evidence direct the court to exclude otherwise admissible evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Prosecutors have an ethical duty to operate with fairness and honesty.

> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused, when they should properly carry none.

*United States v. Berger*, 295 U.S. 78, 88 (1935).

Mr. Nichols is not charged with insurrection, seditious conspiracy, terrorism (where there is no U.S. statute for domestic terrorism as a crime), or inciting a riot. He is not a member of the "Proud Boys" or "Oathkeepers," or any militia. He is not a white supremacist or member of any revolutionary group (such as Black Lives Matter which espoused the overthrow of the U.S. Government with no repercussions). He did not enter the rotunda, any chamber, or Rep. Pelosi's office. None of that imagery that the media and Government always superimpose over everyone should be used in court. He did not bring a firearm to the U.S. Capitol. While enacting gun control to take guns from law-abiding citizens is all the rage, and propaganda knows no bounds in the fabrication of white supremacists and the terrorism in every closet, the Court is not the forum to use criminal laws to make political and social points. As the D.C. Circuit has held:

> A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence. Jurors may be persuaded by such appeals to believe that, by convicting a defendant, they will assist in the solution of some pressing social problem. The amelioration of society's woes is far too heavy a burden for the individual criminal defendant to bear.

United States v. Monaghan, 741 F.2d 1434, 1441 (D.C. Cir. 1984); see also United States v. Hawkins, 595 F.2d 751, 754 (D.C. Cir. 1978).

The words, terms and their spoken or visual representations that this motion in limine seeks to have excluded may reduce additional pile-on to the unfair prejudice Mr. Nichols is already

subject to by the media and the January 6th Committee. It is necessary to remove any suggestion that Mr. Nichols' conduct and intent aligns with the widely used descriptions of people he was not with, and for crimes he is not accused of. The jury should not be swayed to find him guilty based on false descriptors and its perception of political or social problems. Moreover, given the distinction of these words from the crimes charged, such use would clearly confuse the issues, mislead, and inflame the jury - who suffered victimhood through months of National Guard occupation after January 6th. See *United States v. Johnson,* 231 F.3d 43, 47 (D.C. Cir. 2000) ("A prosecutor may not make comments designed to inflame the passions or prejudices of the jury. And a prosecutor may not ask jurors to find a defendant guilty as a means of promoting community values, maintaining order, or discouraging future crime."); *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (unfair prejudice relates to "an undue tendency to suggest decision on an improper basis") (quoting Fed. R. Evid. 403, advisory committee's note). Whether used once or many times in the courtroom, the words cannot be unheard even if stricken from the record.

## CONCLUSION

There is no legitimate reason for the Government itself or through its witnesses and visual evidence to use inflammatory words and highly prejudicial descriptions that are not part of the crimes charged or locations where Mr. Nichols was present. Any use of visuals or inflammatory words to create an association between Mr. Nichols and the acts of others is disingenuous. Use of the words listed for exclusion can only confuse, mislead, and cause prejudice in the jury. They can only unfairly malign Mr. Nichols. They can only be part of an attempt to create scienter where none existed. The Government needs to prove its case by proving every element of the crimes charged - and not through insertion of words and visuals with no foundation or evidentiary

relevance to the charges. The Government should not be allowed to achieve a conviction through the deliberate provocation of bias in the jury.

WHEREFORE, Mr. Nichols requests that the Court order that no use be made by the Government, its witnesses, or by its visual evidence of: "terrorism," "terrorist," "insurrection," "insurrectionist," "mob," "rioter," "treason," "traitor," "sedition," "conspiracy," "attack on the Capitol," "attack on democracy," "attack on Congress," "white supremacy/supremacists," "police were killed," and other inflammatory and controversial language such as "Oathkeepers," "Proud Boys," "Three Percenters," and any and all areas of the U.S. Capitol that Mr. Nichols never entered.

Dated August 11, 2022

Respectfully submitted,
*/s/ Joseph D. McBride, Esq.*
Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of August 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Joseph D. McBride, Esq.*
Joseph D. McBride, Esq.