UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-117 (TFH) |
| : | |
| RYAN NICHOLS (01), : | |
| : | |
| Defendant. : | |

GOVERNMENT'S CONSOLIDATED RESPONSE TO
DEFENDANT NICHOLS' PRETRIAL MOTIONS

The United States submits this consolidated response to Defendant Nichols' Motion to Suppress Video Evidence (ECF No. 131), Motion to Join and Adopt Defendant Harkrider's Motion to Dismiss Counts Five and Seven (ECF No. 132), Motion to Join, Supplement, and Adopt Defendant Harkrider's Reply to Government's Motion *in Limine* to Preclude Claim of Self-Defense (ECF No. 134), Motion to Join, Adopt, and Supplement Defendant Harkrider's Motion to Transfer Venue (ECF No. 135), Motion *in Limine* to Preclude Use of "Certain Language, Terms and False Associations" (ECF No. 136), Motion to Join and Adopt Defendant Harkrider's Motion to Compel (ECF No. 137), and Motion to Dismiss Count Two (ECF No. 138).[1] The government will separately respond to Defendant Nichols' Motion to Compel Discovery (ECF No. 133).

---

[1] The government notes that the motions were not timely filed. This is not the first time Defendant Nichols failed to comply with deadlines set by the Court. The Court ordered the parties to "file any pre-trial motions, including motions to suppress and motions *in limine*, on or before July 18, 2022." ECF No. 86. On July 19, 2022, after the deadline passed, Defendant Nichols moved for an extension. ECF No. 106. The government did not object to a short extension. ECF No. 107. Court granted the request and set the new date for August 11, 2022. Defendant Nichols did not request an extension. However, the motions at docket entries 131-139 were filed on August 12, 2022.

I. **Motion to Suppress Video Evidence**

Defendant Nichols argues that video footage of him "published by the January 6th Committee to the world, on June 13, 2022, should be suppressed because the Fifth Amendment of the United States Constitution prohibits the prosecution from using compelled testimony in its case-in-chief." ECF No. 131 at 1. His claims are preposterous and should be denied.

Defendant Nichols states that the footage was published on June 13, 2022, and he does not provide any other description or information. The government presumes that the objection is to a clip of Nichols in a video montage shown during the June 16, 2022 hearing of the House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee"). *See* https://www.youtube.com/watch?v=vBjUWVKuDj0 at approximately 14:12-14:30 (Nichols tirade stating, among other things, "I'm telling you if Pence caved, we're gonna drag motherfuckers through the streets."). That video is from Nichols' march to the Capitol, which he livestreamed on Facebook. *See* ECF No. 61 at 10-11, Gov. Ex. 07 (video of the livestream and description with select quotes).

"No person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "The Fifth Amendment is limited to prohibiting the use of 'physical or moral compulsion' exerted on the person asserting the privilege." *Fisher v. United States*, 425 U.S. 391, 397 (1976).

Here, the Select Committee apparently used approximately 20 seconds of footage voluntarily made by Defendant Nichols and broadcast by him—live—over Facebook on January 6, 2020 as he was going to the Capitol. The video was used as an exhibit in prior proceedings in this case and made available to the Press Coalition on January 21, 2022.[2] *See* ECF No. 77

---

[2] It does not appear that the Defendant objected to the release of the video to the Press Coalition.

(requesting access to the livestream video and other video exhibits submitted in connection with the government's opposition to Nichols' motion for release from pretrial detention). When he made and streamed the video footage, Nichols acted of his own free will. He was the declarant, cameraman, and broadcaster. He was not in police custody, under arrest, or even the subject of criminal charges. Therefore, there is no basis for his claim that his "testimony" was improperly compelled by the Select Committee's use of that video evidence. *Fisher v. United States*, 425 U.S. 391, 399 (1976) ("[T]he Court has never on any ground, personal privacy included, applied the Fifth Amendment to prevent the otherwise proper acquisition or use of evidence which, in the Court's view, did not involve compelled testimonial self-incrimination of some sort."). Therefore, there is no basis for his motion.

## II.     Motion *in Limine* to Preclude Use of "Certain Language, Terms and False Associations"

Defendant Nichols also moves to "preclude the Government's use of, or elicitation through its witnesses and visual evidence, of falsehoods, crimes not charged, and other inflammatory terms and allegations that are not inherent in the crimes charged, and are instead highly prejudicial, inflammatory, and with no probative value while only creating jury confusion." ECF No. 136 at 1. The instant motion should be denied because the evidence the government expects to prove at trial is relevant and not unduly prejudicial or otherwise excludable under Federal Rule of Evidence 403.[3]

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

---

[3] That said, the government will take precautions not to use the terms in a way that would be confusing, invite mini-trials, and waste time. Fed. R. Evid. 403. The government also may not use every term identified in the motion.

Fed. R. Evid. 401.  Relevant evidence is generally admissible.  Fed. R. Evid. 402.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The government expects the evidence will show that Defendant Nichols' conduct, like the conduct of Defendant Harkrider and the hundreds of others, took place in the context of a large and violent riot.  Visual and testimonial evidence about the defendants would necessarily include evidence of their proximity and interactions with other rioters, including when they acted as part of the mob pushing against the law enforcement line in the tunnel.  Therefore, evidence putting their roles into context, such as witness or visual evidence of the attack on the Capitol, is probative.

Although probative evidence can also be prejudicial, the government's accurate characterization of the defendants' conduct would not create *undue* prejudice.  *See United States v. Roberson*, 21-cr-102 (JDB), 2022 WL 35643 at *6 (D.D.C. Jan. 4, 2022) ("Rule 403 does not countenance exclusion of evidence because it too effectively suggests that the defendant committed the charged crime.").

Defendant Nichols himself used some of the terms at issue in the instant motion in his own voluntary recordings and postings to Facebook.  For example, during the livestream when he walked to the Capitol, he used the words "treason" and "treasoned" at least five times:

- If you voted for fucking treason, we're going to drag your fucking ass through the streets. So let us find out, let the patriots find out that you fucking treasoned this country.
- You want it?  You got it. So let me find out Pence let me find out myself that you treasoned the country, we'll fucking drag your ass too.
- If you voted for treason, we're going to drag your ass through the streets.
- We're nice people but when you treason our country, we'll drag your ass.

ECF No. 61 at 10-11, Gov. Ex. 07.  Later in the evening on January 6, at approximately 8:13 p.m., he posted an 11-minute video to Facebook, again using similar language:

> I've seen the last of you treasonous, bastard, elected politicians, stealing our country. So I don't care if I have to die for it.  Give me liberty or give me death! But I'm prepared to fucking die for this! I took a constitutional oath, to uphold for the United States and its people, for all enemies, foreign and domestic. So help me god.  I will fucking die for this.  But before I do that, I plan on making other people die first, for their country, if it gets down to that.

ECF No. 61 at 10-11, Gov. Ex. 18.

Therefore, any prejudice from using terms such as "treason" would not be unfair.  The Court should deny the motion because there is an evidentiary basis for their use and any prejudice is not undue.

### III.     Motions and Responses Previously Filed by Defendant Harkrider

In addition to the motions discussed above, Defendant Nichols moved to join and adopt several of Defendant Harkrider's motions and responses to the government's motions.  In some instances, he merely joined the prior filing;[4] for others, he also purported to supplement the prior filings.  As the government has explained in its prior filings on these issues, Defendant Nichols's arguments should be rejected.

#### a.  Motions to Dismiss

Nichols moves to dismiss Count Two of the Indictment, which charges him and defendant Harkrider with Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2).  ECF

---

[4] In addition to the motions discussed below, Defendant Nichols moved to join and adopt Defendant Harkrider's motion to allow him to inspect, measure, photograph, and videotape two non-public areas of the U.S. Capitol. ECF No. 137.  His filing merely set forth a request to join and adopt the prior filing.  For all of the reasons set forth in the related Harkrider filings, the motion should be denied.  See ECF No. 122 (Government's Opposition to Defendant's Motion to Compel Access to Non-Public Areas of the Capitol).

No. 138. Although he does not refer to defendant Harkrider's motion to dismiss the same count, his arguments are consistent with arguments raised by Harkrider and in other cases before the Court and in this district. ECF No. 95 (Harkrider Motion to Dismiss Count Two); ECF No. 121 (Government's Opposition to Defendant's Motions to Dismiss).

Defendant Nichols also moves to dismiss Counts Five and Seven of the Indictment, which charge him with Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1), and Disorderly Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2). ECF No. 132.

As the government noted in its responses to Defendant Harkrider's motions to dismiss, the Court has previously considered and rejected arguments raised by the defendants. *See United States v. Sandoval*, 21-cr-195 (TFH) (Minute Order, June 6, 2022); *United States v. Sargent*, No. 21-cr-258 (TFH), 2022 WL 1124817, at *9 (D.D.C. Apr. 14, 2022). Defendant Nichols offers no new legitimate factual or legal arguments, and the Court should deny his motions to dismiss.

  b. **Reply in Opposition to Government Motions**

On August 12, 2022—well past the August 1, 2022 deadline—Nichols filed Docket Entry 134, titled as a motion to join, supplement and adopt Defendant Harkrider's Omnibus Reply to various motions filed by the government. ECF No. 134. He purports to supplement Harkrider's filing regarding the government's motion *in limine* to preclude Nichols from raising a claim of self-defense. ECF No. 100.

Defendant Nichols falsely asserts that he was not the aggressor on January 6. ECF No. 134 at 1. As described in the government's filing, there is no basis for his claim. *See* ECF No. 100 at 1-2. In addition, Defendant Nichols makes other allegations that have no factual basis. *See* ECF No. 134 at 3 (alleging that the United States Capitol Police "launched a barrage against peaceful

protestors.")[5]  The evidence overwhelmingly establishes that Nichols was the initial aggressor in this case.  Thus, he cannot make a claim of self-defense to the Section 111 charge.

For all of the reasons set forth in the government's motion, the Court should preclude Defendant Nichols from raising a claim of self-defense because he was the aggressor.  ECF No. 100.  In the alternative, the Court should require the defendant to make a pre-trial proffer to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

### c. Venue

Finally, he joins Defendant Harkrider's Motion to Transfer Venue.  ECF No. 135.  He purported to proffer additional information about the Select Committee hearings.  In particular, he cites to video footage of Defendant Nichols from the June 16, 2022 hearing and discussions at prior status conferences.  *Id.*  His motion repeats the same arguments made by Defendant Harkrider.  *See* ECF No. 92 at 10-16 (discussing the Select Committee hearings).  The defendants have failed to establish that they cannot obtain a fair and impartial trial in the District of Columbia, and the Court should deny their motion.  *See* ECF No. 124.

### CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court deny Defendant Nichols' Motion to Suppress Video Evidence (ECF No. 131) and Motion *in Limine* to

---

[5] Several of Defendant Nichols' motions and filings also exhibit baseless, conspiratorial statements.  *See, e.g.* ECF No. 136 at 2 ("The DOJ has regularly used inflammatory terms in court"), at 3 ("While enacting gun control to take guns from law-abiding citizens is all the rage, and propaganda knows no bounds in the fabrication of white supremacists and the terrorism in every closet . . . ."); ECF No. 135 at 2 (alleging that Select Committee used seconds of video footage of Nichols "in what appears to be a direct response" to statements made by defense counsel and the Court in a status conference two days prior).  In the interest of brevity, the government does not address all of Defendant Nichols' false statements and accusations.

Preclude Use of "Certain Language, Terms and False Associations" (ECF No. 136).  For the reasons stated herein and in the government's motions and, where applicable, responses and replies to Defendant Harkrider, the United States respectfully requests that the Court deny Defendant Nichols' Motion to Join and Adopt Defendant Harkrider's Motion to Compel (ECF No. 137), Motion to Dismiss Count Two (ECF No. 138), Motion to Join and Adopt Defendant Harkrider's Motion to Dismiss Counts Five and Seven (ECF No. 132), Motion to Join, Supplement, and Adopt Defendant Harkrider's Reply to Government's Motion *in Limine* to Preclude Claim of Self-Defense (ECF No. 134), and Motion to Join, Adopt, and Supplement Defendant Harkrider's Motion to Transfer Venue (ECF No. 135).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Sarah W. Rocha*
        SARAH W. ROCHA
        Trial Attorney
        D.C. Bar No. 977497
        219 S. Dearborn Street, Fifth Floor
        Chicago, Illinois 60604
        Telephone:  202-330-1735
        sarah.wilsonrocha@usdoj.gov

        DOUGLAS B. BRASHER
        Assistant United States Attorney
        Texas State Bar No. 24077601
        Federal Major Crimes – Detailee
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242
        Telephone:  214-659-8604
        douglas.brasher@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Government's Consolidated Response to Defendant Nichols' Pretrial Motions is being served on defense counsel via email on August 25, 2022.

/s Sarah W. Rocha