IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                                          No. 1:21-cr-117 (TFH)

RYAN TAYLOR NICHOLS (01)

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR PRETRIAL RELEASE

This Court should deny defendant's request for temporary release pursuant to 18 U.S.C. § 3142(i), (ECF 150 & 156), because he has failed to show that his release is necessary for the preparation of his defense or any other compelling reason.  The factors outlined in 18 U.S.C. § 3142(g), which should inform the Court's analysis, continue to weigh heavily in favor of detention for the reasons set forth in this Court's December 23, 2021, Memorandum Opinion & Order denying the defendant's motion for pretrial release (ECF 75).  Nothing about administrative searches of the defendant's jail cell, the administration of discipline for his behavioral misconduct, or the length of pretrial detention due to continuances he requested, violate due process or require the extraordinary remedy of temporary release under § 3142(i).

## BACKGROUND

The government assumes the Court is familiar with the factual background of the underlying case as laid out in the Government's Opposition to Defendant's Motion for Release from Pretrial Detention, filed November 29, 2021 (ECF 61 at 3-21), which is incorporated herein by reference.  Of additional relevance here, are two incidents that occurred at the D.C. Jail, one on August 29, 2022, and another on September 5, 2022.

### The August 29, 2022, Incident

Prior to August 29, 2022, the defendant was permitted to have a laptop and thumb drive to review discovery and to assist in the preparation of his defense.  However, due to the limited number of devices available, the defendant was on a rotating list to have a laptop for a two-week period.  At the end of the two-week period, defendants on the list are required to return their laptop to the jail's litigation team until their next two-week turn.  On August 29, 2022, the jail's litigation team retrieved the defendant's laptop and thumb drive because his two-week rotation had concluded.  According to the defendant, this occurred at approximately 12:45 p.m.  (ECF 150, Motion at Ex. A.)  In an email sent to the jail officials at 1:26 p.m., Nichols' attorney demanded that the jail return the thumb drive to Nichols and noted that defendants had been permitted to retain their thumb drives for the prior six months.  (*Id.*)  In the Motion, the defendant acknowledges that the jail returned the thumb drive to Nichols after receiving his attorney's email (Mot. at 2), but omitted to tell the Court that the drive had been returned by 2:14 p.m., less than 90 minutes after it had been taken from the defendant.

Thereafter, the jail updated its policy to make it clear that defendants may not continue to possess their thumb drives when they do not have access to the laptops, and that the drives would be held, but not viewed, by the jail's litigation team between each defendant's two-week rotation with a laptop.

### The September 5, 2022, Incident

On September 5, 2022, another inmate allegedly assaulted a jail offical.  During a resulting struggle to secure that inmate's compliance, the jail official sprayed the inmate with pepper spray.  After reviewing surveillance photos of this incident, Nichols can allegedly be seen

holding a chair in a threatening manner towards the jail official.[1]  Following this incident,

Nichols was screened by a physician's assistant and placed in segregation.  Contrary to the

defendant's allegations, he was never placed into "general population."  He has since been

transferred to the Central Virginia Regional Jail, another pretrial detention facility.

## LEGAL STANDARD

Section 3142(i) "provides a distinct mechanism for temporarily releasing a detained

defendant, in a manner that has nothing to do with a revisiting of the initial detention

determination."  *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020).  However, the burden

of justifying temporary release pursuant to § 3142(i) lies with the defendant.  *Id.*  Under

subsection (i), a defendant otherwise subject to pretrial detention may be granted temporary

release by showing both (1) that he would be released to "the custody of a United States marshal

or another appropriate person," and (2) that the temporary release is "necessary for preparation

of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i); *see Lee*, 451 F.

Supp. 3d at 5.  The standard for an "appropriate person" under § 3142(i), is the same standard

applicable to third-party custodians under § 3142(c)(1)(B)(i).  *United States v. Thorne*, No. 1:18-

cr-389 (BAH), 2020 WL 1984262, at *2 (D.D.C. Apr. 27, 2020).  To determine whether

temporary release is "necessary" or whether "another compelling reason" exists, courts "must be

mindful of the factors set out in 18 U.S.C. § 3142(g)."  *Id.* at *2.

Temporary release under § 3142(i) is granted only "sparingly" and in extraordinary

circumstances, such as a where a defendant is "suffering from a terminal illness or serious

---

[1] Although the government is still gathering information regarding this event, Mr. Nichols appears to concede he participated in the incident.  (See ECF 156 at 2) ("Nichols pushed one of the chairs to the ground.").

injuries." *United States v. Lee*, 451 F. Supp. 3d 1, 5–6 (D.D.C. 2020) quoting *United States v. Hamilton*, No. 19-CR-54-01 (NGG), 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020).

## I.      The § 3142(g) Factors Continue to Weigh in Favor of Detention

Nichols fails to point to any new or material changes in the § 3142(g) factors. These factors weigh in favor of continued detention. Nothing has changed related to the nature and circumstances of the offense, including the *Chrestman* factors, since this Court found that this factor weighed in favor of a finding of dangerousness. (ECF 75 at 6- 9.) The weight of the evidence also continues to weigh against the defendant's release, and he offers no new information to the contrary here. (*See* ECF 75 at 10.) This Court initially found that the defendant's history and characteristics weighed in favor of his release. (ECF 75 at 10-11.) However, since that time, the defendant is alleged to have committed behavioral misconduct and has been moved removed from the D.C. Jail.[2] The defendant's inability to comply with the jail's rules and his apparent defiant conduct now tilts this factor against him and in favor of detention. And lastly, the defendant does not offer any information or argument that should lead this Court to revisit its conclusion that the defendant "remains a danger to his community" if release based on his own recorded statements that he was ready to go to "war" against his "enemies," that he was a "leader" of the "second American revolution," that "Ryan Nichols stands for violence,"[3] that the "fight has just began." (ECF 75 at 11-12.)

---

[2] The government is still gathering information concerning the August 29, 2022, search of the defendant's cell, and the defendant's role in the September 5, 2022, incident involving an altercation between a guard and another inmate. However, nothing about these incidents weighs in favor of release under any of the § 3142(g) factors.

[3] The defendant's assertion that "Mr. Nichols is not a part of any hate group or organization espousing violence," (Mot. at 7), completely overlooks the point that Nichols *individually* espouses violence and encouraged others to join him.

**Government's Opposition to**
**Defendant's Motion for Pretrial Release—Page 4**

## II.      Defendant Offers No Compelling Reason for Temporary Release

The defendant fails to offer any "compelling" reason for temporary release.  His

arguments lack merit and, in most cases, are based on situations resulting from his own choices.

### A.      Temporary Release is Not Necessary for Defense Preparation

The defendant argues that he needs to be released from custody because the jail

confiscated a thumb drive containing discovery and potentially privileged material during an

August 29, 2022, search of his jail cell, and that this "irreparably" compromised his ability to

prepare for trial.  The defendant did not inform the Court, however, that he was only deprived of

the thumb drive for approximately 90 minutes.  Similarly, the defendant did not inform the Court

that *United States v. Ali*, 965 F. Supp. 2d 139 (D.D.C. 2013), the principal case he relies on as

"bearing a striking resemblance" to this case, was reversed by the D.C. Circuit Court of Appeals.

*United States v. Ali*, 534 F. App'x 1, 2 (D.C. Cir. 2013).

In summary, the defendant's complaint about the August 29, 2022, incident lacks merit

and is greatly exaggerated.[4]  At most, he was deprived possession of a thumb drive for a 90-

minute period when he did not have a laptop to view or work with any of the materials on the

drive.  Accordingly, this incident did not impair his ability to participate in the preparation of his

defense.

Similarly, the defendant's temporary placement in segregation following his actions

during the September 5, 2022, incident is not a "compelling reason" to release him.  As an initial

matter, it is not clear whether this incident occurred during one of the two-week periods where

---

[4] There is no merit to the defendant's conclusory allegation that jail officials "burst" into his cell, that retrieving the laptop and thumb drive constituted an "unlawful raid," or that jail officials "deliberately aggravated the Defendant's diagnosed PTSD."  (Mot. at 1, 4.)

the defendant had access to a laptop and his thumb drive.  But even if it did, it was his own

misconduct that led to him being segregated and being deprived of access to the laptop and

thumb drive.  And such misconduct is certainly not a "compelling reason" to release him from

custody to participate in the preparation of his defense.  *United States v. Landro-Cartagen*, No.

1:19-CR-83-004, 2020 WL 1865671, at *1 (M.D. Pa. Apr. 14, 2020) (defendant's "institutional

misconduct while he has been housed in custody awaiting trial [among other factors] caution[s]

against his release" pursuant to § 3142(i)).

> **B.      The Length of Pretrial Detention and the Complexity of the Case are Not
>           Compelling Reasons for Temporary Release**

The defendant urges the Court to release him on due process grounds pursuant to a six-

factor test laid out by various circuit courts.  (*See* Mot. at 5-10, citing *United States v. Accetturo*,

783 F.2d 382 (3d Cir. 1986); *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989); *United States*

*v. Ojeda Rio*s, 846 F.2d 169 (2nd Cir. 1988); *United States v. Zannino*, 798 F.2d 544 (1st Cir.

1986); and *United States v. Theron*, 782 F.2d 1510 (10th Cir. 1986).)  The defendant, however,

addresses only the fourth, fifth, and sixth factors (length of detention, complexity of the case, and

whether one side or the other needlessly added to the complexity of the case, respectively).

(Mot. at 6-10.)  This is likely because the first three factors (the seriousness of the charges, the

strength of the government's proof that the defendant poses a danger to the community, and the

strength of the government's case, respectively) weigh decidedly against release.

The length of the defendant's pretrial detention is not a compelling reason for release and

does not offend due process.  The defendant has been in custody since his arrest on January 18,

2021—19 months and 28 days as of the date of this filing.  While this is an admittedly lengthy

period of detention, nothing about it offends due process, especially in light of the fact that the

defendant has joined in, or requested each of the prior continuances in this case.[5] *Theron*, 782 F.2d at 1516 (delays caused by a defendant do not implicate due process); *United States v. Palega*, No. CR. 07-30010(01), 2008 WL 11449415, at *1 (D.S.D. Jan. 23, 2008) (rejecting due process claim because "the pretrial delays in the instant case, have all been with Defendant's consent"); *see also United States v. Falcon*, 930 F. Supp. 1518, 1522 (S.D. Fla. 1996) (noting no due process violation for 52-month pretrial detention which "was in large part a product of [the defendant's] own decision to seek repeated continuances of the district court's trial setting").

And courts have found longer periods of pretrial detention do not violate due process. *United States v. Akinola*, No. CR 11-310, 2016 WL 3566958, at *2 (D.N.J. June 28, 2016) (pretrial detention of over five years did not violate due process); *United States v. Swinton*, 251 F. Supp. 3d 544, 555 (W.D.N.Y. 2017) (pretrial detention of over four years did not violate due process); *United States v. Newebern*, No. 15-CR-98-FPG-2, 2018 WL 1250018, at *7 (W.D.N.Y. Mar. 12, 2018) (pretrial detention of 37 months did not violate due process); *United States v. El-Hage*, 213 F.3d 74, 76 (2d Cir. 2000) (pretrial detention of 33 months did not violate due process); *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) (pretrial detention of 31 months did not violate due process); *United States v. Zhang*, No. 12-498, 2014 WL 5285928, at *5 (E.D. Pa. Oct. 16, 2014) (pretrial detention of 30 months did not violate due process).

The defendant's arguments about the complexity of the case are also misplaced. The defendant claims that the conduct of jail officials during the August 29 and September 5 incidents—which have nothing to do with the defendant's actions on and leading up to January

---

[5] *See*, *e.g.*, Unopposed Motion to Continue by USA (ECF 15); Joint Oral Request for Continuance (ECF 6/15/2021 Minute Entry); Joint Oral Request for Continuance (ECF 8/4/2021 Minute Entry); Defense Oral Request for 60-day continuance (ECF 3/24/2022 Minute Entry), and Defendant's Motion to Continue (ECF 129).

6, 2021—"needlessly added to the complexity of the case." (Mot. at 8.) Without any evidence, the defendant baselessly assumes that the actions taken during the August 29 and September 5 were designed so that the government could snoop on his litigation strategy. (Mot. at 8.) In response, the government represents to the Court that no member of the prosecution team ever possessed or reviewed the contents of the defendant's thumb drive. While the defendant is certainly free to conduct a forensic investigation of the thumb drive, nothing about this situation relates in any way to the actual facts of the case or its complexity.

Similarly, the defendant's hyperbolic complaints about the "relentless … crusade" by the government in investigating and prosecuting individuals involved in the January 6th Capitol riot are misplaced. The number of other defendants charged for their actions on January 6th does not add to the complexity of *this* case. At most, the existence of other defendants and other cases increases the amount of discovery available to the defendant, but that discovery is produced in an organized, searchable format. (Mot. at 8.) Nor is there any merit to the defendant's complaints about the government's decision to charge Nichols and other defendants with obstruction of an official proceeding pursuant to 18 U.S.C. § 1512(c)(2). (Mot. at 9.)

And lastly, nothing about the congressional investigation and hearings related to January 6th, the plot to kidnap the governor of Michigan in 2020, the leadership within the FBI's Washington Field Office, or the search and seizure of the former President's residence in Florida, have any bearing on the complexity of *this case*. (*See* Mot. at 9-10.)

C.      **Defendant's Complaints About Jail Conditions are Irrelevant**

The defendant's complaints about the conditions of his confinement (at a facility where he is no longer housed) are irrelevant to any of the factors this Court should consider in its detention analysis under § 3142(i). Moreover, he has not demonstrated that the jail's actions were egregious, arbitrary, or purposeless. (*See* ECF 75 at 12-13.)

## CONCLUSION

WHEREFORE, the Government respectfully requests that the Court deny Nichols'

Motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

 /s/ Douglas B. Brasher
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  214-659-8604
douglas.brasher@usdoj.gov

SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
Telephone:  202-330-1735
sarah.wilsonrocha@usdoj.gov