IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-117 (TFH) |
| RYAN TAYLOR NICHOLS (01) | |

### SUPPLEMENT TO OPPOSITION TO MOTION FOR RELEASE

As requested by the Court, the government submits this brief supplement in opposition to Nichols' motion for release (ECF 150) to provide additional information about the status of Nichols' electronic discovery. In summary, the government is aware of only two hard drives that Nichols has possessed while in pretrial custody. The first was returned to his attorney in October 2021. The second is being held on his behalf at the Central Virginia Regional Jail.

**I.  DOC Confiscated One USB Hard Drive from Nichols on August 29, 2022, and Returned It to Nichols Without Reviewing Its Contents**

At the Court's request, the government made an inquiry with the Washington, D.C. Department of Corrections (DOC) to gather additional information regarding the confiscation of Nichols' hard drive on August 29, 2022, and its return approximately 90 minutes later. According to the affidavit of Ingrid Washington, an employee in DOC's Litigation Support Unit, attached hereto as Exhibit 1, "USB flash drives are considered contraband by DOC and inmates are not permitted to posses them." Exhibit 1, Affidavit of Ingrid Washington, dated October 5, 2022 ("Washington Aff.") at ¶ 2. However, on March 15, 2021, the DOC instituted a "narrow exception" to this contraband rule to allow inmates to review electronic discovery on drives pursuant to "Voluminous and Electronic Evidence Review" program. *Id.*

The confiscation and return of Nichols' hard drive on August 29, 2022, appears to have been a result of the differing ways that the Voluminous and Electronic Evidence Review

program had been administered in DOC's Central Detention Facility (CDF), where Ms. Washington normally works, and DOC's Central Treatment Facility (CTF), where Nichols was housed. *Id.* ¶¶ 4-5. As part of the Voluminous and Electronic Evidence Review program, inmates in both the CDF and CTF were permitted to have DOC-provided laptops to review electronic discovery provided by their attorneys for a two-week period. *Id.* ¶ 2. At the end of the two-week period, the laptops would be collected by DOC personnel until the inmate's next two-week rotation (if there was no one on the waitlist, they were permitted to retain the laptops longer than two weeks). *Id.* In CDF, where Ms. Washington normally works, she would collect both the DOC laptop and the inmate's drive at the end of their two-week rotation, while it appears that her counterpart in the CTF would collect only the DOC laptop and allow any drives to be held by the inmates. *See id* ¶¶ 4-5.

On August 29, 2022, Ms. Washington was temporarily assigned to the CTF. *Id.* ¶ 4. She collected Nichols' laptop and hard drive because that is what she had been doing in CDF. *Id.* ¶ 5. Importantly, Ms. Washington states that, she "did not review or copy Nichols' USB drive" and that "[d]uring the short time that [she] had possession of the USB drive, [she] did not have access to a computer to be able to access the drive, nor would [she] have wanted to, as [she] has no interest in what information is stored on the drive." *Id.* ¶ 7. Additionally, Ms. Washington reports that she is "not aware of any other DOC employee who accessed the contents of Nichols' USB drive." *Id.*

## II. Nichols' USB Hard Drive Was Transported With Him to CVRJ

According to information provided by the U.S. Marshals Service, Nichols' USB hard drive was transferred with him to the Central Virginia Regional Jail, where it is currently being held on his behalf:



The government reiterates that the prosecution team has never examined or had possession of this drive, that is has never been exposed to any of Nichols' privileged information, and that it does not have any information suggesting that any other government employee that is not part of the prosecution team has ever accessed the contents of the hard drive.

### III.  The Hard Drive that Nichols Claims "mysteriously disappeared" was Not Operable and Was Returned to His Attorney in 2021

In his motion for pretrial release (ECF 150), Nichols references a singular USB/hard drive 10 times, with no mention whatsoever of a second drive, as emphasized below:

- "[On] August 29, 2022, at 12:45 PM, the DC Jail burst into the Defendant's cell and forcibly confiscated *__a USB drive__* …"  ECF 150 at 1.

- "It has yet to be determined whether the Jail has viewed … any of the files on the *__USB drive__* …"  *Id.*

- "Mr. Nichols has hundreds of hours of attorney-client privilege work product on his *__hard drive__* …"  *Id.* at 2.

**Supplement to Opposition to Motion to Dismiss—Page 3**

- "I am asking (1) that Mr. Nichols' **_hard drive_** be secured …" *Id.*

- "Though the DC Jail returned the **_USB drive_** …" *Id.*

- "The raid of the Defendant's cell and the confiscation of his **_USB drive_** …" *Id.* at 4.

- "… the Defendant's **_USB drive_** contains attorney-client privilege …" *Id.*

- "… if the DC Jail has viewed … any of the files on the **_USB drive_** …" *Id.* at 5.

- "… the Defendant can only assume that his **_USB drive_** **_was_** confiscated for **_its_** sensitive contents …" *Id.* at 8.

- "… the Defendant has no way of knowing which files the Government may have viewed … from his **_USB drive_** while **_it_** was in the Government's possession …" *Id.* at 8.

However, in his reply brief (ECF 168) and his accompanying affidavit (ECF 168-4), Nichols asserts for the first time that he actually had **_TWO_** hard drives in his possession on August 29, 2022, and that only the one of them (black in color) was returned to him after the September 5, 2022, incident, and that the other (blue in color) "mysteriously disappeared" (ECF 168-4 ¶¶ 70-75.).

According to Ms. Washington, "[t]he first discovery drive that was delivered to DOC for Nichols … was either not operable or not compatible with the DOC discovery laptops." Washington Aff. ¶ 3. Nichols' attorney was notified on October 7, 2021, that he could retrieve the non-operable drive from the DOC and was provided instructions on how to provide a replacement drive to Nichols. *Id.* The government is not aware of any other hard drives that have been in Nichols' possession during his time in custody.

WHEREFORE, the Government respectfully requests that the Court deny Nichols's motion for emergency release.

**Supplement to Opposition to Motion to Dismiss—Page 4**

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

 */s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone:  214-659-8604
douglas.brasher@usdoj.gov

SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
Telephone:  202-330-1735
sarah.wilsonrocha@usdoj.gov