# Exhibit 1

## AFFIDAVIT OF INGRID WASHINGTON

I, Ingrid Washington, affirm that the following information is true the best of my knowledge and recollection:

1. I have been a Legal Instruments Examiner in the Litigation Support Unit of the Washington, D.C. Department of Corrections ("DOC") since January 7, 2007. I am assigned to DOC's Central Detention Facility (CDF) and another Legal Instruments Examiner is assigned to DOC's Central Treatment Facility (CTF). As a Legal Instruments Examiner my responsibilities include administering DOC's Voluminous or Electronic Evidence Review program by, among other things, (i) receiving CDs, DVDs, and USB flash drives from defense counsel, (ii) maintaining a DOC Inmate Discovery Waiting List, and (iii) distributing and collecting DOC discovery laptops and CDs, DVDs, and USB drives from inmates.

2. CDs, DVDs, and USB flash drives are considered inmate contraband by DOC and inmates are not permitted to possess them. On March 15, 2021, DOC issued a letter titled, "Procedure for Voluminous or Electronic Evidence Review at the Department of Corrections During the COVID-19 Pandemic," which outlined a narrow exception to this rule to allow DOC inmates the privilege of reviewing electronic discovery (on CDs, DVDs, and USB flash drives delivered to the DOC by their attorney) on a laptop computer (provided by DOC). Among other things, the letter explains that there is an inmate waitlist for the electronic review process, and that when it is their turn, inmates will be provided a DOC laptop for a two-week period (or longer if there is no one on the waitlist). The letter also specified that "contact and contactless in-person attorney visits resumed at the DOC on June 22, 2020, and are still available to defense attorneys," and that they "continue to occur 24 hours/7days a week" provided that an

1

appointment is first made by the defense attorney. A copy of the March 15, 2021, letter is attached as Exhibit A.

3.  The first discovery drive that was delivered to DOC for Nichols as part of the Voluminous and Electronic Evidence Review program was either not operable or not compatible with the DOC discovery laptops. Accordingly, on October 7, 2021, I sent an email to Nichols' attorney, Joseph McBride, informing him that he "can bring new discovery to CTF and pick up the non operable one" during his next visit with his client, and directed him to contact the Legal Instruments Examiner assigned to CTF. A copy of my email to Mr. McBride is attached as Exhibit B.

4.  On August 29, 2022, I was temporarily assigned to work at CTF, because the Legal Instruments Examiner assigned to CTF was off duty that day.

5.  On August 29, 2022, I attempted to retrieve a discovery laptop that had been provided to Ryan Nichols and to retrieve his USB drive, which is the standard protocol that I had been following at CDF. Initially, Nichols gave me the laptop but refused to give me his USB drive and he became confrontational. Other inmates began yelling and banging on the walls. I went to get help. Other correctional officers were able to get the USB drive from Nichols. Those officers gave the USB drive to me, which I placed into a sealed envelope in full view of Nichols.

6.  A short time later, I was instructed to return the drive to Nichols. I removed the USB drive from the envelope and gave it to a lieutenant, who returned it to Nichols.

7.  I did not review or copy Nichols' USB drive. During the short time that I had possession of the USB drive, I did not have access to a computer to be able to access the drive, nor would I have wanted to, as I have no interest in what information is stored on the drive. I do

not know whether the USB drive is password protected. Until being contacted by the U.S. Attorney's Office on September 26, 2022, I had no contact with the prosecution team on Nichols' case, nor could have I have provided them with any information stored on Nichols' USB drive, because I never accessed its contents. I am not aware of any other DOC employee who accessed the contents of Nichols' USB drive.

8.      On August 30, 2022, DOC issued a letter updating and clarifying the Voluminous or Electronic Discovery procedure. Among other things, this letter specified that the Litigation Support Unit "will collect the DOC laptop computer and the CDs, DVDs, flash drives, and/or hard drives from the resident" at the conclusion of his/her two-week review period. A copy of the August 30, 2022, update is attached as Exhibit C.

9.      Despite the issuance of the August 30, 2022, update, I did not confiscate the USB drive from Nichols. The DOC Inmate Discovery Wait List does not indicate that anyone else retrieved the USB drive from Nichols.

Executed this 5th Day of October, 2022.

*Ingrid Washington*
INGRID WASHINGTON

3

# Exhibit A

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
# DEPARTMENT OF CORRECTIONS



March 15, 2021

**PROCEDURE FOR VOLUMINOUS OR ELECTRONIC EVIDENCE REVIEW AT THE DEPARTMENT OF CORRECTIONS DURING THE COVID-19 PANDEMIC**

**If the alternative voluminous or electronic evidence review program outlined below in anyway delays an inmate's ability to review electronic evidence provided to the District of Columba Department of Corrections (DOC) for her/his review, it is the responsibility of defense counsel to review any and all electronic discovery with their client during a legal visit with their client.**

**Review in the Central Detention Facility and Correctional Treatment Facility**

The DOC has developed an alternative review procedure for voluminous or electronic evidence whereby **defense** attorneys may request that their clients be allowed to review voluminous or electronic evidence, downloaded onto CDs, DVDs, or USB flash drives, on a laptop computer provided by the DOC.

The procedure is as follows:

1. During the COVID-19 pandemic, the DOC Litigation Support Unit will accept voluminous or electronic evidence downloaded onto CDs, DVDs, or USB flash drives for inmates housed in its facilities from the inmates' attorneys. The attorneys should contact Kimberlee Smith (nee Lewis) at [kimberlee.lewis@dc.gov](mailto:kimberlee.lewis@dc.gov) or Ingrid Washington at [ingrid.washington@dc.gov](mailto:ingrid.washington@dc.gov) of DOC's Litigation Support Unit for instructions on how to drop-off and pick-up of voluminous or electronic evidence downloaded onto CDs, DVDs, or USB flash drives. The CDs, DVDs, or USB flash drives should not be mailed directly to inmates, as they will be deemed contraband and confiscated.

2. Upon receipt of the CDs, DVDs, or USB flash drives, the inmate will be placed on a waitlist to review the voluminous or electronic evidence on a laptop provided by the DOC. For confidentiality purposes, the inmate will be housed in a cell alone to review the evidence

and if the inmate is not housed alone at the time allotted for their review of the evidence, s/he will be moved to a single cell.[1]

3. An inmate shall be allowed to use this voluminous and electronic evidence review process for up to two weeks at a time to review voluminous or electronic evidence from their attorney. If the inmate requires more than two weeks to review the evidence and there is a waitlist for the program, the review will end and s/he will be added to the waitlist to re-enter the program for another two-week review period. Inmates may file a grievance to request additional time to review the evidence or their attorneys may contact the Litigation Support Division to add their client back to the waitlist. If there is no waitlist, the inmate may continue to review the electronic evidence until a waitlist develops.

4. An inmate may refuse to participate in this alternative evidence review process. If the inmate refuses to participate in the review process, the inmate's attorney can arrange with DOC Litigation Support Unit to schedule a time to collect the CD, DVD, or USB flash drive containing the voluminous or electronic evidence.

5. After the inmate has completed his/her review of the voluminous or electronic evidence, the attorney should contact DOC Litigation Support Unit to schedule a time to collect the evidence.

6. In cases where the printed discovery will not fit in legal mail envelopes, defense counsel may make advance arrangements with the DOC Litigation Support Unit for delivery to the DOC of up to 2 boxes of printed material at a time. All other printed discovery should be mailed via the United States Postal Service.

This procedure does not guarantee that inmates will review any and/or all evidence provided to the DOC. Specifically, this alternative procedure is subject to the availability of DOC staff to facilitate the program, available laptops computers, and cells. Also, the alternative procedure operates on a first-come, first-served basis and the DOC cannot guarantee that any inmate will review the electronic evidence within any allotted period of time. **Currently, there is a several week's long waitlist to review evidence on laptops at DOC which fluctuates depending on the demand for this service. Therefore, attorneys are encouraged to coordinate to drop off their materials as early as possible.** Also, attorneys should advise their clients of this evidence review procedure in advance of submitting the evidence to DOC to reduce the likelihood of their client refusing to participate in the procedure.

Finally, please note that contact and contactless in-person attorney visits resumed at the DOC on June 22, 2020, and are still available to defense attorneys. These visits continue to occur 24 hours/7days a week; however, attorneys are required to make an appointment for all visits. Defense attorneys can arrange a contact or contactless visit by faxing a request on official letterhead to the Deputy Wardens at either the CDF 202-698-4877 or the CTF 202-790-6589.

---

[1] An inmate's housing status can cause a delay in the ability to review discovery. For example, if a single cell on the unit is not available or the inmate needs to be moved to another unit can cause a delay in an inmate receiving a laptop for evidence review.

Notably, a contact visit will result in an inmate being placed in a medical enhanced monitoring unit for up to 14 days following the visit.

Please do not hesitate to contact the Office of the General Counsel at (202) 671-2037 if you have any questions or comments regarding this process.

# Exhibit B

**From:** Washington, Ingrid (DOC)
**Sent:** Thursday, October 7, 2021 2:59 PM
**To:** jmcbride@mcbridelawnyc.com <jmcbride@mcbridelawnyc.com>
**Cc:** Lewis, Kimberlee (DOC) <kimberlee.lewis@dc.gov>
**Subject:** Ryan Nichols

Hello Mr. Mcbride, You can bring new discovery to CTF and pick up the non operable one when you visit your client Mr. Nichols, and you can ask for Mrs. Kimberlee Smith 202-523-7054. Thanks so much

*Ingrid Washington DC-Department of Corrections*

*Central Detention Facility-Litigation*

*1901 D. St. S.E. Washington D.C. 20001*

*Main 202-523-7055*

Ingrid.washington@dc.gov

# Exhibit C

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
# DEPARTMENT OF CORRECTIONS



**August 30, 2022**

### UPDATED PROCEDURE FOR VOLUMINOUS OR ELECTRONIC DISCOVERY REVIEW AT THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS

The District of Columbia Department of Corrections (DOC) has updated its March 15, 2021 procedure for voluminous or electronic discovery review, whereby defense attorneys may request that their clients, who are housed at DOC, be allowed to review voluminous or electronic discovery, which has already been downloaded by their attorney(s) of record onto CDs, DVDs, flash drives, and/or hard drives, on laptop computers provided by the DOC. While CDs, DVDs, flash drives, and/or hard drives are contraband at DOC, residents will be allowed to possess them for the limited purpose of reviewing voluminous or electronic discovery. DOC's updated voluminous or electronic discovery process shall operate as follows:

1. Attorneys seeking to have their clients review electronic discovery at DOC shall place said discovery onto CDs, DVDs, flash drives, and/or hard drives. Upon doing so, , the attorney(s) shall contact Kimberlee Smith (nee Lewis) at kimberlee.lewis@dc.gov or Ingrid Washington at ingrid.washington@dc.gov, of DOC's Litigation Support Unit, for instructions on how to drop off and pick up the voluminous or electronic discovery for their clients' review. The CDs, DVDs, flash drives, and/or hard drives should not be mailed directly to their clients as they are contraband and will be confiscated.

2. Upon receipt of the CDs, DVDs, flash drives, and/or hard drives, the resident will be placed on a waitlist to review the voluminous or electronic discovery. When a laptop computer becomes available, for confidentiality purposes, the resident will be placed in a cell alone, and provided a DOC laptop computer and their voluminous or electronic discovery to review. The inmate will remain alone in a single[1] cell for the duration of the discovery review.

3. The resident will be allowed two (2) weeks to review their discovery. If after two (2) weeks, the resident requires additional time to review their discovery and there is a waitlist for the program, the review will end and s/he will be added to the waitlist to re-enter the program

---

[1] A resident's housing status can cause a delay in the ability to review discovery. For example, if a single cell on the unit is not available, or the resident needs to be moved to another unit, this can cause a delay in an inmate receiving a laptop computer for evidence review.

    for another two (2) week review period. If there is no waitlist, the inmate may continue to review the electronic evidence until a waitlist develops.

4. After the resident completes their voluminous or electronic discovery review, DOC's Litigation Support Unit will collect the DOC laptop computer and the CDs, DVDs, flash drives, and/or hard drives from the resident. The resident's attorney shall then contact DOC's Litigation Support Unit to schedule a time to collect the CDs, DVDs, flash drives, or hard drives.

5. If the resident refuses to participate in the review process, the resident's attorney shall schedule a time with DOC's Litigation Support Unit to collect the CD, DVD, flash drive, and/or hard drive.

6. In cases involving voluminous paper discovery, a resident's attorney may contact DOC's Litigation Support Unit to schedule a time to deliver up to two (2) boxes of paper discovery (no larger than 11.75 x 10.38 x 8.2) to DOC to be provided to their client.

This procedure does not guarantee that residents will review any and/or all evidence provided to the DOC. Specifically, this alternative procedure is subject to the availability of DOC staff to facilitate the program, availability of laptop computers, and cells. Also, this alternative procedure operates on a first-come, first-served basis and the DOC cannot guarantee that a resident will review the electronic evidence within an allotted period of time. If this alternative review procedure outlined above in paragraphs 1 through 6 in anyway delays a resident's ability to review electronic evidence provided to the DOC for his/her review, it is the responsibility of defense counsel to review any and all electronic discovery with their client during a legal visit with their client. Finally, attorneys should advise their clients of these electronic and voluminous discovery review procedures in advance of submitting the evidence to DOC to reduce the likelihood of confusion or their clients refusing to participate in the review procedure.

If you have any questions or comments, please contact DOC's General Counsel, Eric S. Glover, at eric.glover@dc.gov or its Attorney Advisor, Andrew Mazzuchelli, at andrew.mazzuchelli@dc.gov.