UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-117 (TFH) |
| : | |
| RYAN NICHOLS (01), : | |
| : | |
| Defendant. : | |

**SECOND SUPPLEMENT TO OPPOSITION TO MOTION FOR RELEASE**

In advance of the motion hearing scheduled for October 24, 2022, the government submits this brief supplement in opposition to Nichols' motion for release (ECF 150). At the status conference on October 7, 2022, defense counsel indicated they would send requests to the government for information about Nichols' belongings. As of October 19, 2022 at 5:15 p.m., the government has not received any requests for information. Nevertheless, the government made inquiries to the Rappahonnock Regional Jail and Washington, D.C. Department of Corrections (DOC) to provide supplemental information to the Court and defense counsel regarding the status of Nichols' electronic discovery.

First, as explained in the government's prior supplemental filing (ECF No. 169), Nichols' hard drive was transported with him and is currently being held on his behalf at the Rappahonnock Regional Jail. In addition to the hard drive, the inventory log from the Rappahonnock Regional Jail indicates he has "2 manilla folders w legal ppwrk." *See* Attachment A (Inventory).[1] The Rappahonnock Regional Jail does not allow for inmates to review electronic discovery on drives outside of attorney visits. If defendant requests transfer to another facility with capabilities for

---

[1] Because the inventory contains personal information, the government will be filing a motion for leave to file the inventory under seal.

electronic evidence review, and the United States Marshal Service and detention facilities are able to accommodate the request, the government does not oppose a transfer in this case.

The government also made a further inquiry to the Washington, D.C. Department of Corrections (DOC). DOC reiterated that it is aware of only two drives that Nichols has possessed while in pretrial custody—the hard drive and the non-operable USB drive. *See* ECF No. 169, Exhibit 1, Affidavit of Ingrid Washington, ¶¶ 3, 5-7. The government also inquired whether Nichols had any personal belongings or other property remaining at DOC facilities. DOC indicated that he did not have any property at DOC facilities and any items left behind were the property of DOC, such as institutional clothing. To the extent the Court has further questions about DOC, the government requests that DOC Office of General Counsel may be permitted to join the October 24 motions hearing virtually, to the extent their other commitments allow.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Sarah W. Rocha*
SARAH W. ROCHA
Trial Attorney
D.C. Bar No. 977497
219 S. Dearborn Street, Fifth Floor
Chicago, Illinois 60604
Telephone: 202-330-1735
sarah.wilsonrocha@usdoj.gov

DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
Federal Major Crimes – Detailee
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214-659-8604
douglas.brasher@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the Second Supplement to Opposition for Motion for Release is being served on defense counsel via email on October 19, 2022.

<u>/s Sarah W. Rocha</u>