# Attachment C



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

February 12, 2022

      Re:   Capitol Siege Cases
              Defense Discovery Databases

Dear Counsel:

     This letter summarizes the status of evidence.com and Relativity database access for you and your respective clients (including standby counsel and *pro se* defendants), and the procedures for gaining access.  These defense databases are wholly separate from the government's databases.  By design, the government cannot view the contents of the defense databases or the activity that takes place therein.  This letter also reaffirms the applicability of the protective order to database contents, except where explicit exceptions are made.

     **A.**  **Evidence.com**

     Evidence.com is an online video repository developed and hosted by Axon Enterprise, Inc. ("Axon") that we are using to share voluminous amounts of video footage, like U.S. Capitol surveillance footage and body-worn-camera footage.  The Capitol Siege Discovery Unit shares voluminous video from its instance of evidence.com to the Federal Public Defender's ("FPD") instance of evidence.com.  Once the video is shared, the government cannot access or view what happens in FPD's instance.

         **1.**  **Access by Defense Counsel to FPD Instance of Evidence.com**

     Since October 18, 2021, all Capitol Siege defense counsel have been able to request a license from FPD to view voluminous amounts of video footage we have shared to FPD's instance of evidence.com.

         **2.**  **Access by Clients on Pretrial Release to Videos in FPD Instance of Evidence.com**

     Defense counsel's license enables counsel to use evidence.com to share videos with clients who are on pretrial release, subject to the terms of the protective order concerning videos designated as sensitive or highly sensitive.  We have agreed to waive the requirement that a

defendant be supervised while viewing highly sensitive video shared by us to the FPD instance of evidence.com in cases where:
1. A protective order has been entered in the relevant case;
2. The defendant has executed the written acknowledgement to the protective order (or been subject to an equivalent admonishment by the Court);
3. Access is provided to the client via FPD's instance of evidence.com (i.e., not downloaded); and
4. The ability of the defendant to download or reshare is suppressed by counsel before the video is shared.[1]

We have produced detailed indexes listing the files in the FPD instance of evidence.com. Further, solely to assist you in identifying video files you may consider relevant in specific cases, we have produced multiple analytical and mapping tools. Please see Section 1 of our Memorandum Regarding Status of Discovery as of February 9, 2022 (the "Status Memorandum"), for a comprehensive list of these tools.

### 1. Evidence.com Access for Defendants Detained in the D.C. Department of Corrections

As of February 9, 2022, through an unprecedented collaboration among the government, FPD, FPD's National Litigation Support Team ("NLST"), American Prison Data Systems ("APDS"), the D.C. Department of Corrections ("DOC"), and Axon, a separate, stand-alone instance of evidence.com has been made available to allow Capitol Siege defendants housed in the DOC to view video footage. This DOC instance of evidence.com is a mirror image of the FPD instance of evidence.com.

The government and FPD have drafted a memorandum of understanding describing, among other things, the requirements for inmates to obtain access.[2] In brief, the government will make a request for an inmate to gain access to the DOC instance of evidence.com over an APDS educational tablet once the assigned prosecutor notifies the Capitol Siege Discovery Unit Chief that one of the following three things has occurred:

1. The inmate has signed Attachment A to the protective order;

---

[1] To be clear, this exception pertains solely to defendants' viewing of highly sensitive video in FPD's instance of evidence.com. It does not apply to any other highly sensitive documents (including video) that have been produced by any other mechanism (e.g., USAfx or another file transfer system, Relativity, or a storage device).

[2] The memorandum addresses topics including: (1) the contents of the DOC instance; (2) administration of the instance; (3) requirements for access by detained defendants, whether represented by counsel or *pro se*; (4) procedures for an inmate to obtain an APDS educational tablet (most already have one); (5) the process for adding an evidence.com link to an APDS educational tablet; (6) the permissions settings required for the instance; (7) how the protective order works in connection with this instance; and (8) persons with visibility into an inmate's activities in the instance.

2. The inmate has stated on the record in court that s/he has read the protective order, reviewed it with his/her attorney, understands the protective order, and agrees to abide by it; or
3. (a) A defense attorney has represented to the assigned prosecutor in writing that they have reviewed the protective order with their client and have been authorized to sign Attachment A on their client's behalf; and (b) the defense attorney also agrees that at the next scheduled hearing in which the client is present, s/he will put on the record that s/he signed Attachment A on the client's behalf after reviewing the protective order with him or her.

If you have a client who is housed in the DOC who would like access to the DOC instance of evidence.com, please notify the prosecutor assigned to your case when one of these conditions is satisfied.

### 4. **Access to Evidence.com by *Pro Se* Defendants**

Subject to the terms described in Sections A(2) and A(3) above, standby counsel can use their own licenses for the FPD instance of evidence.com to share videos with non-detained *pro se* defendants, and detained *pro se* defendants can view video in the DOC instance.

### B. **Relativity**

Relativity is a cloud-based eDiscovery platform that offers functionalities including document organization, review, production, and analytics within a single environment. The Capitol Siege Discovery Unit shares documents (other than voluminous video shared via evidence.com) from its Relativity workspace to FPD's Relativity workspace. (To be clear, documents may include video. Only voluminous video is shared via evidence.com.) Once the documents are shared, the government cannot access or view what happens in FPD's Relativity workspace.

### 1. **Access by Defense Counsel to FPD Relativity Workspace**

Since January 21, 2022, all Capitol Siege defense counsel have been able to request a license from FPD to view materials in FPD's Relativity workspace. Since the Relativity database is in a FedRAMP, secure environment, completing the process for obtaining access is time-consuming and requires a number of steps. Thus, counsel should plan for the process to take *at least* 5 business days from when you first submit your FPD Relativity License Request Form to when you will be granted access the Relativity database. Depending on the number of simultaneous requests, it could take even more time.

For the reasons described in Section 5 of the Status Memorandum, now that access has been widely offered, the primary method by which the Capitol Siege Discovery Unit will provide global discovery is through a production directly to the FPD Relativity workspace. We will generally discontinue the practice of making voluminous productions via USAfx, as that file transfer system is not an optimal nor in many cases even a workable manner of transferring large

volumes of documents.[3]  Thus, we urge you to apply for access to FPD's Relativity workspace as soon as possible.  Of course, we will continue to issue discovery letters that describe the materials that have been added to FPD's Relativity workspace.

### 2. Access by Defendants to Materials in FPD Relativity Database

No defendants will be provided licenses to access the FPD Relativity workspace, given the extensive volume of highly sensitive materials currently therein and those that we will produce in the future.  (Please see Section 5 of the Status Memorandum for examples of such types of information.)

We will continue to notify the defense as materials are added to the FPD Relativity workspace so that counsel and defendants may collaborate to identify any materials a defendant should review in a particular case.  Subject to the protective order, defense counsel can share such documents with their respective clients through a variety of mechanisms including Internet-based file transfer systems or traditional storage devices, such as hard drives, flash drives, and discs.  Further, FPD and its vendor are also attempting to determine if it will be possible for defendants to view selected materials within the Relativity workspace, utilizing permissions that would ensure that only the selected materials are viewable, and then only by the relevant client.

In those instances where a defendant wishes to view highly sensitive documents in FPD's Relativity workspace, counsel or another member of the legal defense team must supervise the defendant unless: (1) the defendant and the assigned prosecutor are able to reach a suitable compromise about the documents in question or (2) the Court orders otherwise.  The protective order's requirements for highly sensitive documents apply regardless of whether a defendant is detained or on pretrial release.

### 3. *Pro Se* Defendants

For the reasons elaborated in Section 5 of the Status Memorandum, the government will not agree to provide *pro se* defendants access to FPD's Relativity workspace.  However, prosecutors assigned to *pro se* cases will share production indexes with both *pro se* defendants and their standby counsel.  Standby counsel should discuss the materials on the production index with the *pro se* defendant, and subject to the protective order, s/he can share any materials requested utilizing the same mechanisms available to represented defendants described above.  Further, in those instances where a *pro se* defendant wishes to view highly sensitive documents, standby counsel or his/her staff must supervise the defendant unless: (1) the defendant and the assigned prosecutor are able to reach a suitable compromise or (2) the Court orders otherwise.

### C. QUESTIONS

If you have any questions about obtaining access to defense databases, please email Shelli Peterson at Shelli_Peterson@fd.org.  If you have requested access to FPD's Relativity

---

[3] We expect prosecutors will continue to use USAfx to make case-specific productions in individual cases.

workspace but are experiencing difficulties or challenges with gaining access, please email projectplum@deloitte.com.

Sincerely,

*[signature]*

EMILY A. MILLER
Chief, Capitol Siege Discovery Unit