THE UNITED STATES COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-117 |
| | ) | |
| RYAN NICHOLS | ) | |
| | ) | |
| | ) | |

**DEFENDANT NICHOLS' REPORT REGARDING CONDITIONS OF RELEASE**

Comes now, Ryan Nichols, by counsel, pursuant to the Honorable Court's request, provides this Report Regarding Mr. Nichols' Conditions of Release. At a hearing on November 10, 2022, the Court granted Mr. Nichols' Motion for Pretrial Release and ordered this Report from counsel regarding conditions of release. Counsel hereby submits this report, and requests that the Court order Mr. Nichols be confined to pretrial detention, under the supervision of his wife Ms. Bonnie Nichols, pursuant to the conditions set forth below, strictly for the purpose of preparing for trial.

1. **Custodian**

Bonnie Nichols, Mr. Nichols' wife, is an appropriate custodian to supervise Mr. Nichols. A letter of character reference was provided to the Court by Ms. Nichols' cousin, Marshal Gary Blankinship, a retired United States Marshal who served under President Obama and President Trump, and retired honorably in 2019, after 40 years of serving in law enforcement. Exhibit A, Blankinship letter. Marshal Blankinship attests to Ms. Nichols moral character and her "devotion to the rule of law." Ms. Nichols has no criminal record. She is from a family "deeply entrenched in law enforcement," including her grandfather who served as a Sergeant of Police in

Houston for over 30 years, and a long list of other relatives who served honorably in law enforcement. Ms. Nichols is also the proud mother of two children, a small business owner and operator, and a respected member of her community.

Ms. Nichols will diligently supervise Mr. Nichols and ensure that he strictly adheres to the conditions of release set forth by the Court, and commits to immediately notify the Court if there is any violation of the conditions, or if Mr. Nichols is no longer in her custody.  She will also use every effort to ensure that Mr. Nichols appears at all court proceedings.  Ms. Nichols will work closely with pretrial services in the District of Columbia and in the Eastern District of Texas, as instructed.

Mr. Nichols was approved by pretrial services in the Eastern District of Texas as an appropriate custody in January 2021 for Mr. Nichols' original bond hearing.

For these reasons, Ms. Nichols is an appropriate custodian to supervise Mr. Nichols while he prepares for trial.

2. **Conditions of Release**

Mr. Nichols submits that the Nichols' house in Long View, Texas is an appropriate place for Mr. Nichols to prepare for trial.  The house is home to Mr. and Ms. Nichols and their two young children, Ryan Jr. and Blake ages 8 and 6.  The house does not contain any firearms, destructive devices, or other weapons.

Mr. Nichols will not leave the property for any reasons other than Court appearances, medical necessities approved by pretrial services, and religious services, as set forth below.

Mr. Nichols will have no association or contact with his co-defendants or any witness in the investigation or prosecution.

Ms. Nichols will provide Mr. Nichols with a special computer that, as set forth below, is configured so that Mr. Nichols can use it only to view his discovery, conduct legal research, prepare notes, and communicate with his attorneys.

3. **GPS monitoring**

Mr. Nichols will submit to GPS monitoring provided by a private company approved by pretrial services in the District of Columbia and the Eastern District of Texas. This will not only allow Mr. Nichols' location to be tracked at all times, it also records his movements such that periodic reports may be generated to verify his confinement. Mr. Nichols will pay the monthly service fee for the GPS service.

4. **Preparation for trial**

To prepare for trial, Ms. Nichols will provide Mr. Nichols with a special computer that has been designated specifically for this purpose and configured to restrict access to internet sites other than those approved by the Court and/or pretrial services that are required for trial preparation - specifically, evidence.com and relativity.com. Mr. Nichols also requests access to online legal research databases such as westlaw and lexis, to be used only for the purpose of legal research related to his case. Use of online legal research tools was requested by Defendant Jeffrey Scott Brown, and was granted by Judge Mehta. *See United States v. Brown,* Case No. 1:21-cr-0178, ECF No. 138.

The computer will also allow Mr. Nichols to view discovery on external harddrives. The computer will also include word processing software such as Microsoft Word to prepare notes and documents to share with his attorneys. The computer will also include email software such as Microsoft Outlook, and a special email account will be created that Mr. Nichols will only use to send emails, documents, and video files to his attorneys. The computer will also a software

called Camtasia, https://www.techsmith.com/learn/tutorials/camtasia/record-edit-share/, a video presentation software, that will allow Mr. Nichols to prepare videos to be shown at trial. The computer will also include video conferencing software that Mr. Nichols will only use to communicate with his attorneys. Ms. Nichols will also provide Mr. Nichols with telephone that offers no features other than voice call and will be used only to communicate with Mr. Nichols' attorneys. Mr. Nichols will bear the expense of all of the aforementioned. Mr. Nichols will not have access to any other technology or software unless pre-approved by the Court and pre-trial services.

To ensure Mr. Nichols complies with Internet restrictions, Ms. Nichols has purchased a device called the "Trend Micro Home Network Security Firewall," https://www.trendmicro.com/en_us/forHome/products/homenetworksecurity.html, that limits and restricts internet access of any kind other than the websites permitted by the Court and pre-trial services. If necessary, Ms. Nichols will be able to verify that Mr. Nichols complied with the Court's restrictions by generating tracking reports of all of the websites that were visited on the computer.

5. Mobberly Baptist Church

Mr. Nichols requests to be allowed to attend weekly church services with his family at the Mobberly Baptist Church. Mr. Nichols' family has regularly attended services there since 2018. It is four miles and a six minute drive from the house where Mr. Nichols will be detained. Exhibit B, map from house to church. Services are every Sunday beginning at 11 am, and last between 1-2 hours. The Church has provided a letter to the Court attached as Exhibit C indicating that the Church is willing to cooperate with any requirements necessary to facilitate Mr. Nichols' attendance. Mr. Nichols also requests the Court's permission to attend a weekly

support group for mental and spiritual health and wellness that begins at 9:30 am on Sunday before the 11 am service. The services are hosted by one of the Church Directors, Tony Pucket, who has ministered to the Nichols family and has attached a letter as Exhibit D.

6. **Treatment for PTSD**

Mr. Nichols requests permission to seek medical treatment for his diagnosed PTSD with a local physician pre-approved by pretrial services. This includes pre-approved scheduled doctor visits and evaluations as needed in order to maintain his mental health. Mr. Nichols will comply with all medication prescribed by his doctors, and will sign all necessary release forms for pretrial services to obtain and report compliance to the Court.

Mr. Nichols has been taking his medications for his PTSD while in pretrial detention and is in need of a refill for his prescription. Accordingly, Mr. Nichols requests that the Court allow Mr. Nichols to coordinate with pretrial services so that he can schedule a doctor appointment immediately upon his return to Texas.

## **CONCLUSION**

WHEREFORE, the Court should Order Mr. Nichols to pretrial detention under the supervision of Ms. Nichols, pursuant to the foregoing conditions, for the purpose of preparing for trial.

Dated: November 18, 2022

Respectfully submitted,

/s/ Jonathan Gross, Esq.
2833 Smith Ave,
Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@clevengerfirm.com

/s/ Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court.

/s/ Jonathan Gross
*Counsel for Defendant*