IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **RYAN TAYLOR NICHOLS,** <br><br> Defendant | Case No. 21-cr-00117-TFH-1 |

### DEFENDANT RYAN NICHOLS' MOTION AND MEMORANDUM OF LAW TO EXCLUDE FALSEHOODS REGARDING POLICE OFFICER DEATHS

Joseph McBride, Esq., and Bradford L. Geyer Esq., present this Motion and Memorandum of Law for an order *in limine* to exclude the prosecution from arguing, mentioning, or presenting claims by Government witnesses at trial, that are unduly prejudicial about the deaths of police officers wrongfully attributed to demonstrations that took place on January 6, 2021. Defendant Nichols hereby places the prosecution on notice that he will call the D.C. Chief Medical Examiner, Francisco Diaz, as a witness – and as a designated expert witness – at trial, if the prosecution raises, mentions, or hints this persistent lie at trial. Diaz will be called as a witness on the substance of his autopsy report and any associated reports or analyses of the death of Officer Brian Sicknick. The Government is hereby placed on notice of Diaz as an expert witness to rebut any false claims made about Sicknick and other officers by the Department of Justice. A motion of this type would be unnecessary under normal circumstances where we would assume care and truthfulness from prosecutors. However, Attorney General Merrick Garland, the attorney in charge of the Department of Justice, and President Joe Biden, Garland's boss, continue to peddle misinformation to the public regarding imaginary police deaths that took place on January 6, 2021. To be clear, no police officer died on January 6th. Any statement to the contrary is a blatant and reckless lie.

1

I.  **INTRODUCTION AND OVERVIEW**

On March 7, 2023, AG Garland once again claimed that five (5) police officers died during the events at the U.S. Capitol on January 6, 2021.[1] The Attorney General, the President of the United States, and others have repeated this disinformation countless times over the last two years, straining the outer bounds of credulity with consistency that is quite the marvel. As a result, the demonstrations by mostly peaceful protestors around the Capitol are frequently called "deadly." But that is a lie. Only demonstrators were killed, at the hands of an out-of-control police force.

The Attorney General is the head of the U.S. Department of Justice. The prosecutors are employed by the U.S. Attorney for the District of Columbia, Matthew Graves. The U.S. Attorney is chosen and works for the Attorney General. The U.S. Attorney's Office is part of the U.S. Department of Justice. Judges in related cases have commented that they cannot order the U.S. Department of Justice or Congress not to do things. But the Court can order within this case, and this courtroom measures to remedy influences in its court. The Court must strive to provide the Defendant with a fair trial despite all circumstances internal to and external to the courtroom.

Unless the AUSA is prepared to prove that any police officers died ***as a result of*** events on January 6, 2021, they should not refer to such a claim. Somehow, the post-logic philosophy of "A happened, then B happened" has infected the U.S. Department of Justice ("DOJ") as it has poisoned much of modern U.S. society. The claim that "A *caused* B" is not supported by an observation that "A happened, then B happened." George H.W. Bush was elected President. Then Mt. Pinatubo erupted. But electing a Bush as President does not (regularly or consistently) cause volcanos to erupt, even though one volcano did, in fact, erupt after a Bush was elected President.

---

[1] https://twitter.com/grainandgrit/status/1633279210658713600?s=20

The greatest danger is an opening argument when it would be a little disruptive and often impolite for defense counsel to interrupt the prosecution's opening statement with an objection. The opening statement is also likely to have an inordinate impact on the jury's understanding of the case at the outset of the case and with no immediate contradiction of the assertion. Defendant's counsel does not intend to limit the opposing side or play games unfairly.  Defendant's counsel is not asking for a blanket or arbitrary exclusion of the topic.  However, if the prosecution has no proof, it can present that any police officer died because of or as a *direct* result of events at or near the U.S. Capitol, it should not mislead, confuse, and inflame the jury.

**II.  GOVERNING LAW**

> **Federal Rules of Evidence Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**
>
> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
>
> https://www.law.cornell.edu/rules/fre/rule_403
>
> Notes of Advisory Committee on Proposed Rules
>
> The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. Slough, Relevancy Unraveled, 5 Kan. L. Rev. 1, 12–15 (1956); Trautman, Logical or Legal Relevancy—A Conflict in Theory, 5 Van. L. Rev. 385, 392 (1952); McCormick §152, pp. 319–321. The rules which follow in this Article are concrete applications evolved for particular situations. However, they reflect the policies underlying the present rule, which is designed as a guide for the handling of situations for which no specific rules have been formulated.
> Exclusion for risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities. "Unfair

prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

**III. ARGUMENT**

On April 19, 2021, the U.S. Capitol Police issued a press release:[2]

> **Medical Examiner Finds USCP Officer Brian Sicknick Died of Natural Causes**
>
> *April 19, 2021 Press Release*
>
> The USCP accepts the findings from the District of Columbia's Office of the Chief Medical Examiner that Officer Brian Sicknick died of natural causes. This does not change the fact Officer Sicknick died in the line of duty, courageously defending Congress and the Capitol.
>
> The Department continues to mourn the loss of our beloved colleague. The attack on our officers, including Brian, was an attack on our democracy.
>
> Working with the U.S. Attorney's Office for the District of Columbia, the F.B.I.'s Washington Field Office and the Metropolitan Police Department, the USCP will continue to ensure those responsible for the assault against officers are held accountable.

---

[2] https://www.uscp.gov/media-center/press-releases/medical-examiner-finds-uscp-officer-brian-sicknick-died-natural-causes

Not only did the D.C. Coroner rule that Officer Sicknick died of natural causes, but the autopsy also found no physical injuries or irritation by any chemical substance.[3] [Chief Medical Examiner Francisco Diaz] told The Washington Post that the autopsy found no evidence that Sicknick experienced an allergic reaction to chemical irritants. He also said there was no evidence of either external or internal injuries.[4] Chief Medical Examiner Diaz's ruling means the chemical irritant assault – which two men, Julian Kahter and George Tanios, have been charged for – is not attributable to Sicknick's death, and may effectively prevent the Justice Department from bringing homicide charges in the case.[5]  Any suggestion that Officer Sicknick's natural-causes stroke resulted from January 6, 2021 events is a myth.  The autopsy explicitly excludes the possibility of any evidence of any chemical irritant affecting Officer Sicknick.[6]

---

[3] https://www.washingtonpost.com/local/public-safety/brian-sicknick-death-strokes/2021/04/19/36d2d310-617e-11eb-afbe-9a11a127d146_story.html

[4] Pete Williams, "Capitol Police Officer Brian Sicknick died of natural causes after riot, medical examiner says," NBC News, April 19, 2021, https://www.nbcnews.com/politics/politics-news/capitol-police-officer-brian-sicknick-died-natural-causes-after-riot-n1264562   *(emphasis added)*.

[5]  Understanding legally that the chemical attack is alleged, the lack of any detectable effects upon Officer Sicknick could also suggest that Officer Sicknick was not in fact exposed to any chemical irritants, even if video evidence indicates an attempt. Officer Sicknick died of a stroke the day after January 6, 2021, and therefore the state of observable physical injuries would be static as of January 7, 2021.

[6] Jordan Fischer, Eric Flack, "Officer Brian Sicknick died of natural causes, medical examiner says:  The D.C. Office of the Chief Medical Examiner says chemical irritant exposure did not play a role in Sicknick's death, WUSA9 TV, April 19, 2021.[6]

> Sicknick's manner of death was reported as natural. The cause was listed as "acute brainstem and cerebellar infarcts due to acute basilar artery thrombosis."
>
> The office, which released the report Monday, classifies a death as natural when "a disease alone causes death. ***If death is hastened by an injury, the manner of death is not considered natural."***[7]

The D.C. Medical Examiner received the body shortly after January 7, 2021. Sicknick died the day after January 6, 2021. Therefore, no healing occurred in Sicknick's body that would have obscured any physical or chemical injuries or irritation. The fact that D.C. Chief Medical Examiner Diaz found no signs of chemical irritation <u>externally or internally</u> – that is, no chemical irritation to Officer Sicknick's mouth, esophagus, throat, or lungs nor to his eyes or skin – the defendants charged with spraying him may have aimed a spray of gas or chemical in Sicknick's direction (of which Defendant expresses no opinion, just *arguendo*, hypothetically) but if Khater did actually do so, ***he missed.*** Officer Sicknick experienced no chemical irritation, according to the D.C. Chief Medical Examiner, and was not in fact gassed or sprayed with any chemical.[8]

---

[7] Jordan Pascale, "D.C. Medical Examiner Rules Capitol Police Officer Brian Sicknick Had Two Strokes, Died Of Natural Causes," DCIST *[program of WAMU 88.5 of American University Radio]*, April 19, 2021, **https://dcist.com/story/21/04/19/d-c-medical-examiner-rules-capitol-police-officer-brian-sicknick-had-two-strokes-died-of-natural-causes/** *(Emphasis added) ; and* https://www.cnn.com/2021/04/20/health/sicknick-death-natural-strokes/index.html

[8] Moreover, though undetected by the medical examiner, it would appear possible that Officer Sicknick may have received blowback spray from Officer Damien Chapman who can be seen spraying towards protestors at 14:23 when Officer Sicknick can be seen retreating. https://rumble.com/v2c6grq-officer-damien-chapman.html In any event, from newly released coverage disclosed to Tucker Carlson, Officer Sicknick can be seen later inside the capitol directing protestors. https://nypost.com/2023/03/06/footage-shows-capitol-cop-brian-sicknick-uninjured-on-jan-6/ Defendant Khater was sentenced to 80 months for spraying Officer Sicknick. https://www.politico.com/news/2023/01/27/jan-6-rioter-who-maced-brian-sicknick-sentenced-to-80-months-00080026  It remains to be seen whether the recently discovered video record that seems to exculpate Khater was made available to his defense or to the sentencing court.

The D.C. Medical Examiner took 90 days, to complete this autopsy and report, and presumably reached a painstaking and careful conclusion, in conflict with the strong winds of political assumptions and beliefs. While false narratives raged and took hold in the public's mind, Diaz was slow and no doubt meticulous and careful. Yet Attorney General Merrick Garland once again claimed on January 4, 2023, in a press release that five police officers died on or as a *direct* result of events on January 6, 2021, and again today in a press conference. With the regularity of only the most famous and treasured geysers, he made the claims again today.

The Attorney General of course is not a random political appointee speaking politically. The Attorney General is the official ultimately responsible for all prosecutions at the federal level. The Attorney General is in the chain of command, the top of the chain of command, of this case now before the Court. The Attorney General should not be making any statements at all of any nature while hundreds of "cases" – really one giant case subdivided – on the same topic are still pending and awaiting trial. Like Presidents, an Attorney General should be saying absolutely nothing about pending criminal cases, certainly not untrue things that inflame the jury veneer.

Furthermore, these comments were not in a political speech. The same U.S. Department of Justice for whom the U.S. Attorney and the AUSA prosecutor are employed issued a press release:[9]

---

[9]https://www.justice.gov/opa/pr/attorney-general-merrick-b-garland-statement-second-anniversary-january-6-attack-capitol

**Department of Justice**

Office of Public Affairs

FOR IMMEDIATE RELEASE

Wednesday, January 4, 2023

**Attorney General Merrick B. Garland Statement on the Second Anniversary of the January 6 Attack on the Capitol**

Friday, Jan. 6, 2023, will mark 24 months since the attack on the U.S. Capitol that disrupted a joint session of the U.S. Congress in the process of affirming the presidential election results.

Under the continued leadership of the Justice Department, the U.S. Attorney's Office for the District of Columbia and the FBI's Washington Field Office, the investigation and prosecution of those responsible for the attack continues to move forward at an unprecedented speed and scale.

Attorney General Merrick B. Garland made the following statement:

"Two years ago, the United States Capitol was attacked as lawmakers met to affirm the results of a presidential election. Perpetrators attacked police officers, targeted and assaulted members of the media, and interfered with a fundamental element of our democracy: the peaceful transfer of power from one administration to the next.

"Since then, countless agents, investigators, prosecutors, analysts, and others across the Justice Department have participated in one of the largest, most complex, and most resource-intensive investigations in our history. I am extremely grateful for the dedication, professionalism, and

> integrity with which they have done this work. This investigation has resulted in the arrest of more than 950 Defendant for their alleged roles in the attack. We have secured convictions for a wide range of criminal conduct on January 6 as well as in the days and weeks leading up to the attack. Our work is far from over.
>
> "We will never forget the sacrifice of the law enforcement officers who defended the members of Congress and others inside the Capitol that day. ***And we will never forget the five officers who responded selflessly on January 6 and who have since lost their lives: Officer Brian Sicknick, Officer Howard Liebengood, Officer Jeffrey Smith, Officer Gunther Hashida, and Officer Kyle DeFreytag.***
>
> "The Justice Department remains committed to honoring them. We remain committed to ensuring accountability for those criminally responsible for the January 6 assault on our democracy. And we remain committed to doing everything in our power to prevent this from ever happening again."

Long before the facts were known, the U.S. Department began this false and shameful narrative, apparently for purely political purposes, including in a January 8, 2021, press release: "**Statement of Acting Attorney General Jeffrey A. Rosen on the Death of U.S. Capitol Police Officer Brian D. Sicknick**,"[10] One day after Officer Sicknick died on January 7, 2021, the U.S. Department of Justice on the following day January 8, 2021 – 88 days <u>*before*</u> the D.C. Chief Medical Examiner determined Sicknick's cause of death – had already leaped to an unfounded conclusion.

---

[10] https://www.justice.gov/opa/pr/statement-acting-attorney-general-jeffrey-rosen-death-us-capitol-police-officer-brian-d

> **Department of Justice**
>
> Office of Public Affairs
>
> ―――――――――
>
> FOR IMMEDIATE RELEASE
>
> Friday, January 8, 2021
>
> **Statement of Acting Attorney General Jeffrey A. Rosen on the Death of U.S. Capitol Police Officer Brian D. Sicknick**
>
> Acting Attorney General Jeffrey A. Rosen issued the following statement:
>
> "Our thoughts and prayers are with the family and fellow officers of U.S. Capitol Police Officer Brian D. Sicknick, who succumbed last night to the injuries he suffered defending the U.S. Capitol, against the violent mob who stormed it on January 6th. The FBI and Metropolitan Police Department will jointly investigate the case and the Department of Justice will spare no resources in investigating and holding accountable those responsible."

This false narrative has polluted the jury pool and deprived January 6 Defendants of a fair trial for the following two years. Thus, there is far more than risk-averse concern that this persistent but knowingly false narrative may affect the trial in this case without the Court acting to ensure a fair trial. The risk that this trial will be affected by this falsehood is real. Meanwhile, there were four suicides of law enforcement officers after January 6, 2021 -- Officer Howard

Liebengood, Officer Jeffrey Smith, Officer Gunther Hashida, and Officer Kyle DeFreytag.

However, there is no evidence of any connection between these suicides and any event on or related to January 6, 2021.  This is a recognized logical fallacy called **"Post hoc, ergo propter hoc"** or "After this, therefore because of this."  This is also referred to as a **Post hoc logical fallacy**.  Logical fallacies are always unbecoming—especially when emanating from the Nation's top law enforcement official.

Specifically, "assuming that since A happened before B, A must have caused B."  The fact that January 6, 2021, occurred and then the suicides occurred does not support any causal relationship between one and the other. Nor is there the slightest common sense or rationality to the suggestion.  During the months following January 6, 2021, while the police were celebrated and honored nationwide, the only possible scenario one can imagine for any connection is a dark motivation we would not be able to say in polite company.  We can only think it.

Officer Fanone and Officer Dunn have become celebrities, with books being published.  They will never have to buy a beer with their own money again, at least not among the company of Leftists.  And yet we are invited to leap off a cliff assuming some reason why four law enforcement officers would commit suicide *because of* January 6, 2021, rather than *because of* something else in their lives.  Cliff-diving has now replaced the role of evidence, facts, and logic.

The political world, the U.S. Department of Justice, and Attorney General are engaging in conjecture.  Some think law enforcement officers are traumatized when enforcing the law against their fellow U.S. citizens.  However, all law enforcement officers are all the time, or almost always, enforcing the law against fellow citizens.  The conjecture has no basis in common sense.  Since all law enforcement involves officers engaging with U.S. citizens, the imaginative explanations without evidence are inadequate.

Suicides happen far too often.  Suicide is an act that no one else can comprehend, as only the deceased know what happened.  It is, therefore, entirely speculative, and improper to speculate as to why one has decided to end their life.  It is also manifestly unjust, fundamentally irrational, and reckless, to conjure imaginative reasons to assign causation for a person's suicide to someone utterly unrelated to why another human being took their life.

**CONCLUSION**

The Court should enter the requested order in limine.

Dated: Washington, DC
March 10, 2023

Respectfully submitted,
*/s/ Joseph D. McBride, Esq.*
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

*/s/ Bradford L. Geyer*
FormerFedsGroup.Com, LLC
141 I Route 130, Suite 303
Cinnaminson, NJ 08077
e: Brad@FormerFedsGroup.com

**CERTIFICATE OF SERVICE**

I hereby certify on this 10th day of March 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Joseph D. McBride, Esq.*
Joseph D. McBride, Esq.