UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-00117 (RCL) |
| : | |
| RYAN TAYLOR NICHOLS & : | |
| ALEX KIRK HARKRIDER : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO "EXCLUDE FALSEHOODS"**

The United States of America opposes Defendant Ryan Nichols' motion to "exclude falsehoods about police officers." ECF 220. In a filing that is replete with misrepresentations, conjecture, and baseless accusations of malfeasance, the defendant moves to preclude the government from presenting information about the deaths of police officers following the events of January 6, 2021, at the United States Capitol, and to place the government "on notice that he may call the D.C. Chief Medical Examiner [Francisco] Diaz as a witness" if the government does include such information during in its case against the defendant. ECF 220 at 1. For the reasons stated below, the court should deny the defendant's request to call the Chief Medical Examiner because of the danger of confusing the issues, misleading the jury, undue delay, and wasting time.

**BRIEF FACTUAL BACKGROUND**

The government has previously set forth a detailed factual statement of the facts of this case. *See* ECF 1, ECF 61, and ECF 75. The government again relies upon those detailed statements of facts. However, for purposes of this motion, the relevant facts are that Defendants Ryan Nichols and Alex Harkrider were at the U.S. Capitol on the afternoon of January 6, 2021. While walking from the Ellipse to the U.S. Capitol, Nichols posted a Facebook livestream stating, among other things, "I'm telling you if Pence caved, we're gonna drag motherfuckers through the streets." By 2:00pm,

1

they were among an assembled mass of rioters on the West Front of the Capitol. As the riot progressed, the Defendants were pushing, shoving, and participating in the collective use of force against officers defending the Lower West Tunnel. As the Defendants were attempting to gain access to the Capitol through the Lower West Tunnel, Nichols motioned for a canister of OC spray and, once he received it, sprayed the line of officers in the Lower West Tunnel. Nichols and Harkrider also climbed through a shattered window into the Capitol. When he received information via text message that law enforcement officers had used lethal force against a rioter in the Capitol, Defendant Nichols used a bullhorn to announce to the crowd, "They are talking about using lethal force against you. […] If you have a weapon, get your weapon."

Later in the evening on January 6, Defendant Nichols took to Facebook Live to describe his participation in the events at the Capitol, to call for further violence, and to announce that he would be leading a violent resistance against the government. As is relevant to this motion, during that Facebook Live video, Defendant Nichols stated, "One girl was killed today, a sixteen-year-old girl. I have the video. If you want the video, reach out to me, message me, I'll send you the video. I just posted it on my Facebook page. They fucking shot and killed a sixteen year old girl in the neck. And I'll say that again, an unarmed sixteen-year-old girl was shot and killed today in the neck by Capitol Police. You think that's okay? It's not."[1]

## RESPONSE

**I.     The Government has no intention of introducing evidence or soliciting testimony about the evidence that the defendants seek to preclude.**

At this time, the government has no intention of seeking testimony about or introducing other evidence regarding the deaths of the five law enforcement officers who responded on January 6, 2021

---

[1] No minors died during the Capitol Riot. The government believes that Defendant Nichols was inaccurately referring to the death of Ashli Babbitt based on rumors that he had heard.

and since lost their lives.² The defendants are charged with and their trial will be about the defendants' particular conduct on January 6. Therefore, the instant motion should be denied as moot.

II. **Insofar as evidence of any death is relevant to this case, such evidence should be presented within the limited scope of its relevance.**

The government intends to introduce evidence during its case in chief about statements that Defendant Nichols made demonstrating he had the requisite intent to violate 18 U.S.C. 1512(c)(2). While Defendant Nichols was standing on a ledge in front of broken window on the West Front of the Capitol, he informed the crowd that, based upon information that had been texted to him, "They are talking about using lethal force against you. […] If you have a weapon, get your weapon." Similarly, later that night he took to Facebook to inaccurately describe a death that occurred during the riot and used that death to call for further violence. Such evidence is demonstrative of the nexus between the Defendant's *mens rea*, interruption of the certification of the 2020 Electoral Vote, and his *actus reus*, joining a riotous mob, assaulting law enforcement officers, and ordering the rioters to arm themselves. Proof of this nexus beyond a reasonable doubt is an essential element of the government's case in chief. *United States v. Young*, 916 F.3d 368, 286 (4th Cir. 2019); *see Arthur Andresen LLP v. United States*, 554 U.S. 696, 706 (2005) (requiring "consciousness of wrongdoing" for proof of a violation 18 U.S.C. § 1512).

Therefore, the evidence that the government intends to offer will not be offered for its truth. Instead, that evidence, which takes the form of the defendant's own words during and in the aftermath

---

² One officer suffered a stroke while still on Capitol grounds and died the next day while the other officers' deaths were the result of suicide.  At least one of these suicides has been ruled a line of duty death by the Police and Firefighters' Retirement and Relief Review Board, which found that injuries sustained on January 6, 2021 were the "sole and direct cause of his death." *See* Ryan J. Reilly and Leigh Ann Caldwell, "D.C. Police Officer's Suicide After Jan. 6 Riot Declared Line-of-Duty Death", NBC News (March 9, 2022, 10:06 PM EST/Updated March 10, 2022, 10:36 AM) (*available at* https://www.nbcnews.com/politics/politics-news/dc-police-officer-died-suicide-jan-6-riot-declared-line-duty-death-rcna19433).  The government has no information that these defendants were near any of these five individuals or interacted with them on January 6, 2021.

of the commission of the crime, will be offered for the limited purpose of proving the Defendant's intent as to the charged conduct of obstruction of an official proceeding. Such evidence is admissible because it fairly and accurately summarizes the defendants' acts and makes a fact at issue more or less probable. Fed. R. Evid. 401. *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (*quoting United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)).

The government notes that while making baseless insinuations about the deaths of law enforcement officers, the motion states that "only demonstrators were killed at the hands of an out-of-control police force." ECF 220 at 2. By framing his motion and his argument in this way, Defendant Nichols is seeking to make his trial not about his specific actions on January 6 but instead as a means by which he may peddle in conjecture and conspiracy about the tragic events that day.[3] Such evidence should be precluded. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence of events in areas where the defendants were not at and did not have knowledge of during the course of the riot is irrelevant as it makes no fact about the defendants' specific case more or less probable. *Id.* Therefore, the defendants should be precluded from introducing any evidence about any death that does not make any fact at issue in the defendants' case more or less probable. *Id.*

### III. The defendant's request to call the Chief Medical Examiner for the District of Columbia should be denied as moot.

For the reasons stated above, the defendant's request to call the Francisco Diaz, the Chief

---

[3] The motion is filled with such callous and objectionable claims. *See* ECF 60 at 14 ("The fact that January 6, 2021, occurred and then the suicides occurred does not support any causal relationship between one and the other. […] Nor is there the slightest common sense or rationality to the suggestion. During the months following January 6, 2021, while the police were celebrated and honored nationwide, the only possible scenario one can imagine for any connection is a dark motivation we would not be able to say in polite company. We can only think it.").

Medical Examiner for the District of Columbia, should be denied as moot.

## **CONCLUSION**

For these reasons, the court should deny the defendant's request to call the Chief Medical Examiner.

                                       Respectfully submitted,

                                       MATTHEW M. GRAVES
                                       United States Attorney
                                       D.C. Bar No. 481052

By:   */s/ Sean P. McCauley*
        SEAN P. McCAULEY
        New York Bar No. 5600523
        Assistant United States Attorney
        601 D Street NW
        Washington, DC 20579
        Telephone: (202)252-1897
        Sean.McCauley@usdoj.gov

        SARAH W. ROCHA
        Trial Attorney
        D.C. Bar No. 977497
        219 S. Dearborn Street, Fifth Floor
        Chicago, Illinois 60604
        Telephone: 202-330-1735
        sarah.wilsonrocha@usdoj.gov

        DOUGLAS B. BRASHER
        Assistant United States Attorney
        Texas State Bar No. 24077601
        Federal Major Crimes – Detailee
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242
        Telephone: 214-659-8604
        douglas.brasher@usdoj.gov