**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 1:21-cr-117-RCL** |
| **RYAN TAYLOR NICHOLS**, *et al.*, | |
| *Defendants.* | |

## ORDER

In order to resolve defendant Ryan Taylor Nichols's Motion [244] and Supplemental Motion [245] to Compel Discovery, the Court requires more complete information about the amount and nature of outstanding footage in the possession of the United States Capitol Police ("USCP") that is the subject of those motions. As Nichols notes in the Supplemental Motion, the General Counsel of USCP has given multiple declarations in another case, *see* ECF Nos. 77-1, 88-1, *United States v. Pope*, No. 1:21-cr-128-RC, indicating that USCP made thousands of hours of footage available to investigators that have not yet been turned over to January 6 defendants as part of discovery. In addition, the Speaker of the House of Representatives announced earlier this year that he would grant all January 6 defendants and their attorneys "access" to surveillance footage that is not publicly available.[1] It is unclear how much of the footage that the Speaker was referencing has already been produced to defendants in discovery. Additionally, some in the media claim to have been given access to tens of thousands of hours more of footage than has apparently been made available to defendants in discovery.[2]

---

[1] *See* Manu Raju, Holmes Lybrand, and Hannah Rabinowitz, "McCarthy grants access to Capitol security footage to January 6 defendants," CNN (Feb. 28, 2023), https://www.cnn.com/2023/02/28/politics/capitol-security-footage-january-6-mccarthy/index.html.

[2] *See, e.g.*, Joseph M. Hanneman, "Jan. 6 Capitol Hill Security Footage Challenges Key Narratives," The Epoch Times (Aug. 11, 2023), https://www.theepochtimes.com/article/exclusive-capitol-hill-security-footage-challenges-jan-6-narratives-5454274.

The outstanding surveillance footage that the Speaker noted he would make available to defendants was the subject of an earlier Motion [212] to Continue in this case that was later mooted by other circumstances that independently required a continuance. In its Opposition [218] to the Motion to Continue, the government did not deny the existence of the outstanding footage purportedly made available by the Speaker but represented that "[t]he United States does not know the extent of any material that a member of the legislative branch purportedly provided to other individuals." Gov't's Opp'n to Mot. to Continue at 6. That is not an acceptable response. The government cannot simply duck its discovery obligations under Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1963), by sticking its head in the sand.

It is black-letter law "that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). And as the declarations filed in *Pope* make clear, the surveillance footage that the Speaker was referencing came from USCP. While USCP is under the auspices of the legislative branch, it is a police force, not a legislative body. USCP  has actively assisted the government in the investigation and prosecution of these cases; it is a part of the prosecution team, and evidence in its possession falls within the scope of the government's *Brady* obligations, just like evidence in the possession of the U.S. Secret Service, which has played a similar role in these cases. *See United States v. Bingert*, No. 1:21-cr-91-RCL, 2023 WL 3203092, at *3–4 (D.D.C. May 2, 2023) (holding that U.S. Secret Service is part of "prosecution team" for *Brady* purposes in January 6 case); *United States v. Sheppard*, No. 1:21-cr-203-JDB, 2022 WL 17978837, at *10–11 (D.D.C. Dec. 28, 2022) (same).

While it is true that defendants bear the burden of establishing that withheld evidence is likely to be material and exculpatory, the Court cannot confidently rule on that question one way

or another if the government will tell neither the Court nor defendants what is in the thousands of hours of outstanding footage from the scene of the charged offenses on the day of their alleged commission. And importantly, the nature and extent of that footage is readily ascertainable by the government, which has been coordinating closely with USCP throughout these cases, unlike, for example, materials in the possession of a congressional committee. *See* ECF No. 108 at 3–4, *United States v. Williams*, No. 1:21-cr-377-BAH (denying motion to continue based on "bald speculation" about what evidence might be in House January 6 Committee's possession).

Accordingly, the Court hereby **ORDERS** the government to file by September 14, 2023 a statement(s) by one or more individuals with personal knowledge of the investigative process either (1) certifying that the government has produced in discovery all surveillance footage in USCP's possession that depicts areas of the Capitol building and grounds where defendants Nichols and Harkrider may have been on January 6, 2021 at the time they may have been there, or (2) explaining why any such footage has not been produced in discovery. Nothing in this Order should be construed to apply to the other specific discovery requests made in defendant Nichols's motions, which the Court will rule on separately.

**IT IS SO ORDERED.**

Date: August __3__, 2023

Royce C. Lamberth
United States District Judge